# EXHIBIT A

Computershare Entity Solutions, Inc.
100 Beard Sawmill Road, Shelton, CT 06484

March 11, 2025

Foster Wheeler Energy Corporation
Frederick Wolsky Legal Asbestos Litigation
Amec Foster Wheeler Limited
53 Frontage Road
Hampton NJ 08827

# SERVICE OF PROCESS NOTICE

Item: 2025-404

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Foster Wheeler Energy Corporation |
| 2. | **Title of Action:** | Connie Sue Koog, individually and as Personal Representative on behalf of the Estate of Arthur Koog and all Wrongful Death Beneficiaries vs. A.W. Chesterton Company, et al. |
| 3. | **Document(s) Served:** | Citation Corporate<br>Plaintiff's Original Petition<br>Automated Certificate of eService<br>Exhibit 1 |
| 4. | **Court/Agency:** | Harris County 011th Judicial District Court, Texas |
| 5. | **State Served:** | Texas |
| 6. | **Case Number:** | 202506703 |
| 7. | **Case Type:** | Asbestos |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Monday 03/10/2025 |
| 10. | **Date to Client:** | Tuesday 03/11/2025 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | See Notes<br>CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>**(Name, City, State, and Phone Number)** | Ryan C. Runkle<br>West Lake Hills, TX<br>512-476-7771 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 441 |
| 16. | **Notes:** | Please review the enclosed documents in order to calculate the response due date. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202506703

03.10.25

RECEIPT NO: 1015823

TRACKING NO: 74437102 EML

| | |
|---|---|
| Plaintiff:<br>KOOG, CONNIE SUE<br>vs.<br>Defendant:<br>A W CHESTERTON COMPANY | In The 011th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To: FOSTER WHEELER ENERGY CORPORATION (CORPORATION) MAY BE SERVED BY SERVING UNITED AGENT GROUP INC**
**5444 WESTHEIMER #1000, HOUSTON TX 77056**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on January 30, 2025 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on February 11, 2025, under my hand and seal of said court.

Issued at the request of:

RUNKLE, RYAN C.
1101 S. CAPITAL OF TEXAS HWY STE C 100

WEST LAKE HILLS, TX 78746-0000
512-476-7771
Bar Number: 24011425

DISTRICT COURT OF HARRIS COUNTY TEXAS

Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: MONICA JACKSON

Certified Document Number: 118907278 - Page 1 of 2

Tracking Number: 74437102 EML

**CAUSE NUMBER: 202506703**

**PLAINTIFF: KOOG, CONNIE SUE**

**vs.**

**DEFENDANT: A W CHESTERTON COMPANY**

**In the 011th**

**Judicial District Court of**

**Harris County, Texas**

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _______ o'clock ___. M. on the _________ day of ________________________, 20_____. Executed at

(Address)________________________________________________________________________ ________ in

____________________ County at o'clock ___. M. On the _________ day of _______________________, 20_____, by

Delivering to ______________________________________________defendant, in person, a true copy of this Citation together with the accompanying ______ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this ______________day of ________________________________, 20.

Fees $_________________________

____________________________________________

By_________________________________________

Affiant

Deputy

On this day, _________________________________________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this ______ day of ______________________________, 20__.

_________________________________________

Notary Public

Certified Document Number: 118907278 - Page 2 of 2

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this February 13, 2025

Certified Document Number: 118907278 Total Pages: 2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

1/31/2025 9:09 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 96827699
By: Monica Jackson
Filed: 1/31/2025 9:09 AM

2025-06742 / Court: 157

CAUSE NO.________________

| | | |
|---|---|---|
| **CONNIE SUE KOOG, Individually and as Personal Representative on Behalf of the Estate of ARTHUR KOOG and all Wrongful Death Beneficiaries** | § § § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **A.W. CHESTERTON COMPANY, et al.** | § | **__________ JUDICIAL DISTRICT** |

# PLAINTIFF'S ORIGINAL PETITION

## I. DISCOVERY CONTROL PLAN

Pursuant to Texas Rule of Civil Procedure 190, Plaintiff respectfully requests that discovery in this case be conducted under a Level 3 Discovery Control Plan.

## II. PARTIES

Plaintiff is Connie Sue Koog, the surviving spouse of Arthur R. Koog. She brings this lawsuit in her individual capacity and as the court-appointed Personal Representative of the Estate of Arthur R. Koog on behalf of his heirs and wrongful death beneficiaries pursuant to Tex. Civ. Prac. & Rem. Code §71.004(c). Arthur R. Koog (hereinafter referred to as "Decedent"), was exposed to asbestos and asbestos-containing products during his service in the United States Navy and thereafter in his civil service employment as a naval fireman, boiler tender, boilermaker, pipefitter, power plant controlman, steam plant operator, and plumber from 1954 to 1990. Sadly, this exposure led to his contraction of mesothelioma and resulting death.

Plaintiff complains of the following Defendants, hereinafter referred to as "Product Defendants":

1. **A.W. CHESTERTON COMPANY** a corporation organized and existing under and by virtue of the laws of the State of Massachusetts, with an agent for service in the State of Texas, to-wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

2. **LAMONS GASKET COMPANY** a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal office located at 7300 Airport Boulevard, Houston, TX 77061 in Harris County. This defendant may be served with process through its agent for service in the State of Texas, to-wit: Corporations Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

3. **RESCO HOLDINGS, L.L.C., INDIVIDUALLY AND AS SUCCESSOR TO ENTITIES INCLUDING BUT NOT LIMITED TO KELL HOLDING CORPORATION, HENLEY/MWK HOLDING INC., PULLMAN INCORPORATED, THE M. W. KELLOGG COMPANY, AND WHEELABRATOR-CHICAGO INC.,** is a Delaware corporation doing business in Texas during relevant time periods and may be served with citation by serving its registered agent, to wit: Corporation Trust Company 1209 Orange Street, Wilmington, DE 19801.

4. **TRIPLEX, INC.,** a corporation organized and existing under and by virtue of the laws of the State of Texas, with its principle office at 8555 East North Belt, Humble, TX 77396 in Harris County. This defendant may be served with process through its agent for service in the State of Texas, to-wit: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

Defendant **RESCO Holdings, LLC**, hereinafter may also be referred to as a "Contractor Defendant."

Plaintiff further complains of the following Defendants, hereinafter referred to as "Equipment Defendants":

5. **ARMSTRONG INTERNATIONAL, INC.** appears to be a corporation organized and existing under the laws of Michigan that has maintained a Texas Taxpayer number but does not currently have a registered agent. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to the Texas Comptroller's registered office street address at: Armstrong International, Inc., 900 Maple St., Three Rivers, MI 49093-2347, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

6. **ATLAS COPCO NORTH AMERICA, INC**. is a Delaware corporation and has at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a registered agent for service of process in this State. Therefore, it is hereby

requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: Atlas Copco North America, Inc., 411 Hackensack Ave., Hackensack, NJ 07601, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

7. **ABB INC, AS SUCCESSOR TO BAILEY CONTROLS COMPANY** a corporation organized and existing under and by virtue of the laws of the State of Delaware, with an agent for service in the State of Texas, to-wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

8. **CBS CORPORATION (A DELAWARE CORPORATION) F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION INDIVIDUALLY AND AS SUCCESSOR TO WESTINGHOUSE ELECTRIC CORPORATION AND AS SUCESSOR TO HAGAN INSTRUMENTS**, is a corporation duly organized under the laws of the State of Delaware that has done and is doing business in Texas and may be served with process through its registered agent, Corporation Service Company, 701 Brazos St., Suite 750, Austin, TX 78701.

9. **AQUA-CHEM, INC. (D/B/A CLEAVER-BROOKS DIVISION)** is a Delaware corporation and has at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: 7800 N. 113th Street, Milwaukee, WI 53201, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

10. **CRANE CO.,** has at all times relevant to this litigation conducted business in the State of Texas and is required to maintain a registered agent for service of process, it has not designated such and agent. Therefore, said corporation may be served with process through its corporate headquarters, 100 1st Stamford Place, Stamford, CT 06902, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-045.

11. **EMERSON ELECTRIC CO. AS SUCCESSOR TO CROSBY VALVES** a corporation organized and existing under and by virtue of the laws of the State of Missouri, with an agent for service in the State of Texas, to-wit: Corporations Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

12. **I.M.O. INDUSTRIES, INC. INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO DE LAVAL TURBINE, INC. AND WARREN PUMPS, INC.** is a Delaware corporation and has at all times relevant to this litigation conducted business in the State of Texas but has forfeited their right to conduct business in Texas. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

13. **FOSTER WHEELER ENERGY CORPORATION**, is a corporation upon whom process may be served by serving its registered agent for service in the State of Texas, to-wit: United Agent Group Inc., 5444 Westheimer #1000, Houston, TX 77056.

14. **GENERAL ELECTRIC COMPANY, ("GE"), INDIVIDUALLY AND AS SUCCESSOR TO MASONEILAN CONTROLS** a corporation organized and existing under and by virtue of the laws of the State of New York with an agent for service in the State of Texas to-wit: C. T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

15. **GRAY MARINE DIESEL ENGINES D/B/A CONTINENTAL MOTORS** a corporation organized and existing under and by virtue of the laws of the State of Texas, with an agent for service in the State of Texas, to-wit: Aleksandra Majer, 1401 Boyles Street, Houston, TX 77020.

16. **GRAY MARINE MOTOR CO.** is a corporation that has at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: Gray Marine Motor Co., 430 Main Street, Wyckoff, NJ 07481, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

17. **KENNEDY VALVE MFG. CO. D/B/A MCWANE** is a corporation that has at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: Kennedy Valve, 1021 E. Water Street, Elmira, NY 14901, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

18. **LUNKENHEIMER VALVE COMPANY D/B/A CUMMINS INC.** a corporation organized and existing under and by virtue of the laws of the State of Indiana, with an agent for service in the State of Texas, to-wit: Corporations Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

19. **MANCHESTER TANK** is a corporation that has at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: Manchester Tank, 1000 Corporate Centre Drive, Suite 300, Franklin, TN 37067, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

20. **WESTERN TANK & STEEL CORPORATION A/K/A MANCHESTER TANK** a corporation organized and existing under and by virtue of the laws of the State of Texas, with an agent for service in the State of Texas, to-wit: Alfred O. Costanzo, 1302 Erskine, Lubbock, TX 79403.

21. **MCWANE INC.** is a Delaware corporation upon whom process may be served by serving it registered agent for service in the State of Texas, to-wit: C.T. Corporation System, 1601 Elm Street,, Dallas, TX 75201.

22. **UNITED STATES STEEL INTERNATIONAL, INC. D/B/A USX CORP. AND F/K/A UNITED STATES STEEL INTERNATIONAL (NEW YORK), INC., AS SUCCESSOR TO NATIONAL STEEL,** a corporation organized and existing under the laws of the state of New Jersey, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, Prentice Hall, 800 Brazos St., Suite 750, Austin, TX 78701.

23. **FMC CORPORATION, INDIVIDUALLY, ON BEHALF OF AND AS SUCCESSOR IN INTEREST TO PEERLESS PUMP CO.** is a corporation upon whom process may be served by serving it registered agent for service in the State of Texas, to-wit: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

24. **GRUNDFOS PUMPS CORPORATION AS SUCCESSOR TO PEERLESS PUMP CO.** is a corporation upon whom process may be served by serving it registered agent for service in the State of Texas, to-wit: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

25. **RHEEM MANUFACTURING COMPANY, INDIVIDUALLY, AND AS SUCCESSOR IN INTEREST TO ORENDORFF MANUFACTURING COMPANY,** is a corporation that has at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: RHEEM Manufacturing Company, 1100 Abernathy Rd., Suite 1700, Atlanta, GA 30328-5657, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

26. **RILEY STOKER CORPORATION, N/K/A BABCOCK BORSIG POWER, INC.**, is a Massachusetts corporation which has done business in the State of Texas in the past, but which no longer maintains an agent for service in this State. Therefore, it is hereby requested that service be issued and served on the Secretary of State of Texas who shall then forward a copy to its agent: CT Corporation System, 155 Federal St., Suite 700, Boston, MA 02110, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

27. **TECHNOTHERM CORPORATION** is an Oklahoma corporation that has at all times relevant to this litigation conducted business in the State of Texas but no longer maintains an active registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: Technotherm Corporation, 5505 West 66th Place, Tulsa, OK 74131, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

28. **UNION BOILER WORKS, INC.** is a Pennsylvania corporation and has at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to the home office at: Union Boiler Works, Inc. 716 North Front Street, Philadelphia, PA 19123, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

29. **US BOILER COMPANY, INC A/K/A US BOILER COMPANY, LLC AS SUCCESSOR IN INTEREST TO BURNHAM BOILERS** has at all times relevant to this litigation conducted business in the State of Texas, but has forfeited their right to transact business in Texas and no longer maintains a registered agent for service of process in this State. Therefore it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: U.S. Boiler Company, Inc., Customer Service, P.O. Box 3020, Lancaster, PA 17604, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

30. **VOGT VALVES, INC**. a corporation organized and existing under and by virtue of the laws of the State of Texas, with an agent for service in the State of Texas, to-wit: Breedlove & Co., P.C.. 17014 Seven Pines Dr., Spring, TX 77379.

31. **OMB VALVES, INC.** a corporation organized and existing under and by virtue of the laws of the State of Texas, with an agent for service in the State of Texas, to-wit: Breedlove & Co., P.C.. 17014 Seven Pines Dr., Spring, TX 77379.

32. **MESTEK, INC., INDIVIDUALLY, AND AS SUCCESSOR IN INTEREST TO THE HYDROTHERM CORPORATION, AS SUCCESSOR IN INTEREST TO VULCAN RADIATOR COMPANY**, has at all times relevant to this litigation conducted business in the State of Texas, but no longer maintains a registered agent for service of process in this State. Therefore it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy Mestek Inc, 260 North Elm Street, Westfield, MA 10185, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

33. **CELEROS FLOW TECHNOLOGY, LLC AS SUCESSOR IN INTEREST TO COPES-VULCAN, INC.** has at all times relevant to this litigation conducted business in

the State of Texas, but has not established the right to conduct business in Texas and does not maintains a registered agent for service of process in this State. Therefore it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: Celeros Flow Technology LLC, 8800 Westplain Drive, Houston, TX 77041, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

34. **WEIL MCLAIN** has at all times relevant to this litigation conducted business in the State of Texas, but does not maintains a registered agent for service of process in this State. Therefore it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: Weil-McLain Notices Department, 500 Blaine Street, Michigan City, IN 46360, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

35. **WM TECHNOLOGIES LLC D/B/A WEIL MCLAIN** a corporation organized and existing under and by virtue of the laws of the State of Texas, with an agent for service in the State of Texas, to-wit: Fareha Fatima Zamani, 4416 Zahir Ct., Irving, TX 75061.

36. **THOMAS C. WILSON LLC** has at all times relevant to this litigation conducted business in the State of Texas through their Naval contracts, but has not established the right to conduct business in Texas and does not maintains a registered agent for service of process in this State. Therefore it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: TC Wilson, 21-11 44th Avenue, Long Island City, NY, 11101-5088, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

37. **WORTHINGTON PUMPS A/K/A FLOWSERVE CORPORATION** a corporation organized and existing under and by virtue of the laws of the State of New York, with an agent for service in the State of Texas, to-wit: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

38. **JOHN ZINK COMPANY, LLC** is a Delaware corporation upon whom process may be served by serving its registered agent for service in the State of Texas, to-wit: United Agent Group Inc., 5444 Westheimer #1000, Houston, TX 77056.

39. **ZURN INDUSTRIES, INC., A/K/A ZURN INDUSTRIES, LLC INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO ERIE CITY IRON WORKS, INC.**, is a corporation and may be served with citation by serving its registered agent, to-wit: C. T. Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

Plaintiff further complains of the following additional Defendants, hereinafter referred to as "Premises Defendants":

40. **EXXON CORPORATION** is a New Jersey corporation and may be served with process through its registered agent for service, to wit: C. T. Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

41. **EXXON MOBIL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO EXXON COMPANY, U.S.A., EXXON CHEMICAL COMPANY U.S.A., AND MOBIL OIL CORPORATION**, a New Jersey corporation doing business in the State of Texas with its principal place of business located at 22777 Springwoods Village Parkway, Spring, TX 77389 in Harris County, Texas. This defendant may be served with citation by serving its registered Agent: Corporation Service Company, d/b/a CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701.

42. **HOECHST CELANESE CHEMICAL, INC., INDIVIDUALLY AND F/K/A CELANESE CHEMICAL COMPANY, INC. AND HOECHST CELANESE CHEMICAL GROUP**, is a Texas corporation and may be served with process through its registered agent for service, to wit: C. T. Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

43. **SHELL USA INC., F/K/A/ SHELL OIL COMPANY, INDIVIDUALLY AND A SUCCESSOR IN INTEREST TO SHELL CHEMICAL CORPORATION**, is a Delaware corporation doing business in the State of Texas with a principal place of business located at 150 N. Dairy Ashford Road, Houston, TX 77079 in Harris County. This defendant may be served with citation by serving its registered agent, to wit: CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

Defendants **Exxon Mobil Corporation** and **Shell Oil Company** are hereinafter also referred to as "Employer Defendants."

Plaintiff further complains of the following additional Defendants, hereinafter referred to as "Contractor Defendants":

44. **ARTHUR BROTHERS, INCORPORATED** is a Texas corporation and may be served with citation by serving its registered agent, to wit: L. R. Smith, Highway 77 Bypass North, P.O. Box 792, Kingsville, TX 78363.

45. **BERRY GP, INC**. is a Texas corporation and may be served with citation by serving its registered agent, to wit: Mike Hummell, 1414 Valero Way, Corpus Christi, TX 78409.

46. **4520 CORP., INC., AS SUCCESSOR IN INTEREST TO BENJAMIN F. SHAW COMPANY**, is a Delaware corporation and has at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to the home office at 4520 Corp., Inc., P.O. Box

4577, Montgomery, AL 36103, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

47. **CF BRAUN & CO**. is a New York corporation and has at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to: C. F. Braun & Co., 1000 South Fremont Avenue, P. O. Box 4000, Alhambra, CA 91802-4000, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

48. **FLUOR CORPORATION** (Delaware), is a corporation organized and existing under and by virtue of the laws of the State of Delaware with an agent for service in the State of Texas, to-wit: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

49. **FLUOR CORPORATION** (California), is a California corporation, and all times relevant to this litigation conducted business in the State of Texas, but no longer maintains a registered agent for service of process in this state. Therefore it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of Texas, at PO Box 12079, Austin, Texas 78711-2079; who shall then forward a copy to the home office at: Fluor Corporation, 2500 South Atlantic Boulevard, Los Angeles, CA 90022, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

50. **FLUOR ENTERPRISES, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO FLUOR CORPORATION AND AS SUCCESSOR IN INTEREST TO DANIEL INTERNATIONAL CORPORATION**, is a California corporation which has done business in the State of Texas in the past, but which no longer maintains an agent for service in this State. Therefore, it is hereby requested that service be issued and served on the Secretary of State of Texas, at PO Box 12079, Austin, Texas 78711-2079; who shall then forward a copy to its registered agent: Corporation Service Company, 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE §§ 17.041-045.

51. **HB ZACHRY COMPANY** is a Delaware corporation and may be served with citation by serving its registered agent, to wit: C. T. Corporation System, 1021 Main Street, Suite 1150, Houston, TX 77002.

52. **MUNDY CONSTRUCTION COMPANY** is a Texas corporation and may be served with citation by serving its registered agent, to wit: Julian L. Shapiro, 9800 Richmond Avenue, Suite 100, Houston, TX 77042.

53. **MUNDY INDUSTRIAL MAINTENANCE, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO SAN JACINTO MAINTENANCE, INC., AND**

**AS SUCCESSOR IN INTEREST TO TRIANGLE MAINTENANCE**, is a Texas corporation and may be served with citation by serving its registered agent, to wit: A. Benjamin Ramsey, 2200 Post Oak Boulevard, Houston, TX 77056.

54. **NATKIN & COMPANY** is a Missouri corporation and may be served with citation by serving its registered agent, to wit: C. T. Corporation System, 1021 Main Street, Suite 1150, Houston, TX 77002.

55. **PARSONS ENERGY & CHEMICALS GROUP, INC. F/K/A S.I.P., INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO S.I.P., INC.**, is a Delaware corporation and may be served with citation by serving its registered agent, to-wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

56. **PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP INC.,** is a Nevada corporation and may be served with citation by serving its registered agent, to wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

57. **REF-CHEM**, Individually and as successor in interest to RC-AEL Company and individually and as successor in interest to DON LOVE, INC., is a Texas corporation and may be served with citation by serving its registered agent, to wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

58. **SANTA FE BRAUN, INC.,** individually and as successor to entities including but not limited to C. F. Braun & Co., C. F. Braun Constructors, Inc., and JGB, Inc., is a Delaware corporation and may be served with citation by serving its registered agent, to wit: Capitol Services, Inc., 1675 South State St., Dover, DE 19901.

59. **S.I.P., INC. F/K/A PARSONS CHEMICAL ENGINEERING INC.,** individually and as successor in interest to S.I.P., INC., is a Delaware corporation and may be served with citation by serving its registered agent, to wit: CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

Defendant **ARTHUR BROTHERS, INCORPORATED** is hereinafter also referred to as an "Employer Defendant."

Plaintiff further complaints of an additional defendant:

60. **METROPOLITAN LIFE INSURANCE COMPANY**, is a New York corporation and may be served with process through its registered agent, to-wit: C.T. Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201.

## III.
## JURISDICTION

Jurisdiction is proper in this Court in that the amount in controversy exceeds the minimal jurisdictional limits of this Court, and each Defendant is subject to personal jurisdiction in the State of Texas. Moreover, all Defendants, both resident and non-resident, have conducted a substantial amount of business activity and have committed a tort, in whole or in part, in Texas. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed, including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office.

## IV.
## VENUE

Venue of this action is proper in Harris County, Texas under TEX. CIV. PRAC. & REM. CODE §15.002(a) because Defendants EXXON CORPORATION, EXXON MOBIL CORPORATION, SHELL USA INC., LAMONS GASKET COMPANY and TRIPLEX, INC., among others, maintain principal offices in Harris County and all or substantial part of the events or omissions giving rise to the claim occurred in Harris County. Decedent's exposure to asbestos-containing products, constituted a continuous course of conduct being one continuous transaction producing an indivisible injury. Therefore, under TEX. CIV. PRAC. & REM. CODE §15.005, venue is proper as to all Defendants because Plaintiff's claims arose out of the same series of injury causing events as those related to Harris County.

## V.
## BACKGROUND

As a result of Mr. Koog's exposure to asbestos containing products over his naval service and career, he contracted the serious and debilitating disease of mesothelioma which took his life. Each Defendant named above bears responsibility in causing Mr. Koog's and Plaintiff's injuries in the individual capacities in which they have been sued. Plaintiff reserves the right to later amend the capacity in which any Defendant has been sued upon a finding that they bear additional responsibility for Plaintiff's damages.

## VI.
## TEX. CIV. PRAC. & REM. CODE § 90.006 (2005)

The citizens of the State of Texas and their state representatives acknowledge that exposure to asbestos, particularly through inhalation of asbestos fibers, causes malignant and nonmalignant diseases, including mesothelioma and asbestosis. *See* TEX. CIV. PRAC. & REM. CODE § 90.001, et seq. As such, it is the purported policy of the State of Texas to protect the right of people with impairing asbestos-related injuries to pursue their claims for compensation in a fair and efficient manner through the Texas court system. *See id., see also* 2005 Tex. ALS 97, 1. Accordingly, Plaintiff attaches to this Original Petition as "Exhibit 1," Mr. Koog's pathology report, diagnosing mesothelioma, and death certificate satisfying TEX. CIV. PRAC. & REM. CODE §90.003 as required by TEX. CIV. PRAC. & REM. CODE § 90.006.

Plaintiff is a citizen of the State of Texas, as was Mr. Koog prior to his death. Mr. Koog's exposure to asbestos in the State of Texas led to his asbestos-related mesothelioma disease and death. In keeping with the stated policy of the State of Texas, Plaintiff brings the

following claims against those parties which are responsible for Mr. Koog's asbestos-related injuries.

## VII.
## STRICT LIABILITY – PRODUCTS/ EQUIPMENT DEFENDANTS

Plaintiff pleads and invokes the doctrine of strict liability against those Defendants who were engaged in the "sale" of asbestos containing products. Plaintiff would show that the Defendants' products were defectively marketed and designed, that such defective conditions rendered their products unreasonably dangerous in the intended and reasonably anticipated use of their products, and that such defective conditions existed at the time they left Defendants' possessions. Defendants knew or should have foreseen the risk of harm of their unreasonably dangerous products. Defendants' acts or omissions in these regards were producing causes of Plaintiff's injuries, damages and Mr. Koog's death.

## VIII.
## BREACH OF WARRANTY - PRODUCTS/ EQUIPMENT DEFENDANTS

Plaintiff will also show that Defendants breached their warranties to Mr. Koog in the following respects:

a. The Defendants knew or in the exercise of reasonable care ought to have known that their asbestos-containing products were defective and that such products were not suitable for the purposes for which they were intended;

b. The Defendants should have tested their products, especially those containing asbestos, to ascertain the safe or dangerous nature of such products before offering them for sale, or in the alternative, should have removed such products from the market upon ascertaining that such products would cause asbestosis and other life- threatening diseases;

c. The Defendants should have devised a method of application for their products, especially those containing asbestos, which would have kept those using such products from contracting asbestosis and other life-threatening diseases if the Defendants would not remove such products from sale to the public; and

d. The products of the Defendants, especially those containing asbestos, were warranted, either expressly or impliedly, to be merchantable, when in truth they were not, and therefore, the Defendants breached the warranty of merchantability.

Defendants' products were defective when they left Defendants' possessions and not fit for the ordinary purposes of their use because of these defects. Defendants' breaches of warranty proximately caused Plaintiff's injuries, damages and Mr. Koog's death.

## IX.
## NEGLIGENCE – ALL DEFENDANTS

Mr. Koog was exposed to large quantities of asbestos and asbestos-containing products. The law imposed various duties on Defendants with respect to the safety and welfare of others such as Mr. Koog. Defendants breached those duties by a multitude of acts, omissions, and/or undertakings which amount to negligence. Defendants knew, or in the exercise of ordinary care, should have known that the asbestos-containing products and/or machinery they manufactured, sold, designed, supplied, distributed, mined, re-labeled, re-sold, processed, applied, installed, specified, bought, removed, manipulated, or otherwise exposed Mr. Koog to was extremely dangerous and harmful to his health. As a proximate cause of such negligence, Plaintiff suffered injuries and damages.

Additionally, without waiving any specific acts of negligence as to Defendants, Plaintiff hereby give notice of intent to rely on the doctrine of *res ipsa loquitur*, as Defendants' asbestos-containing products were under the exclusive management and control of Defendants, and given the character of Plaintiff's injuries, damages, and Mr. Koog's death are such that they would ordinarily not have occurred in the absence of negligence.

## X.
## ADDITIONAL NEGLIGENCE OF PREMISES DEFENDANTS

The manner of use of asbestos, asbestos-containing materials, and/or other toxic substances at Defendants' facilities created unreasonably dangerous conditions for workers. Moreover, Mr. Koog was exposed to asbestos, asbestos-containing materials, and/or other toxic substances while on Defendants' premise as an invitee. As the possessors, owners, operators, managers, and/or occupiers of the premise, Defendants had non-delegable duties to keep the premises safe for invitees. Defendants failed to exercise reasonable care to protect Decedent from the foreseeable dangers associated with exposure to asbestos and other toxic substances, in both failing to adequately warn Decedent and failing to make the dangerous conditions safe. Defendants knew or, in the exercise of ordinary care, should have known that asbestos, asbestos-containing materials, and/or other toxic substances were carcinogenic, poisonous, toxic, and extremely dangerous and hazardous to human health and that there was a likelihood of an injury or disease to any person, including Mr. Koog, who was exposed to asbestos and/or other toxic substances. Defendants' failure to protect Mr. Koog from the known and/or foreseeable dangers of exposure to asbestos, asbestos-containing materials, and/or other toxic substances constitutes negligence. Such negligence was a proximate cause of Plaintiff's injuries, damages and Mr. Koog's death.

During the period described herein, Defendants, their agents, servants, and/or employees were further guilty of certain acts, wrongs, omissions, and/or undertakings with respect to the use and misuse of asbestos containing products and/or other toxic substances at Defendants' facilities, each of which, independently or in combination with one another, amount to negligence. Such negligence was a proximate cause of Plaintiff's injuries, damages and Mr. Koog's death.

## XI.
## GROSS NEGLIGENCE – EMPLOYER DEFENDANTS

Plaintiff further brings an action for gross negligence against Employer Defendants under the authority of Article 16, § 26 of the Constitution of the State of Texas for exemplary damages.

When viewed objectively from the standpoint of Employer Defendants, during the time that Mr. Koog was working, Employer Defendants engaged in activities involving extreme degree of risk, considering the probability and magnitude of the potential harm to Mr. Koog and that it had actual, subjective awareness of the severe health risks associated with exposure to asbestos and asbestos-containing products, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of Mr. Koog who developed and died of asbestos-related mesothelioma.

## XII.
## NEGLIGENCE - CONTRACTOR DEFENDANTS

Plaintiff would further show that the Contractor Defendants were negligent in their sale, provision, installation, use, maintenance, distribution, repair, abatement, removal, and/or "tear-out," of dangerous and deadly asbestos-containing products causing exposures to workers such as Mr. Koog. Contractor Defendants failure to warn of the hazards known to them or to prevent these exposures from occurring was a proximate cause of Plaintiff's injuries, damages and Mr. Koog's death.

## XIII.
## MISREPRESENTATION / FRAUD – ALL DEFENDANTS

Defendants made representations that reasonably implied to workers and users of its products that the asbestos and asbestos-containing products in question were safe and would not cause injury. These misrepresentations involved material facts concerning the character and quality of the asbestos and asbestos-containing products in question. Decedent justifiably relied

upon Defendants' misrepresentations. Plaintiff's injuries, damages and Mr. Koog's death were proximately caused by Defendants' misrepresentations.

Further, Defendants owed Mr. Koog duties under Texas law to warn and disclose information relating to the hazards of which Mr. Koog was exposed. Defendants failed to disclose material facts regarding the dangerous propensities of asbestos exposure that were known to and within the knowledge of Defendants. Defendants were well aware of the lack of knowledge on behalf of workers such as Mr. Koog, and of the incredible disparity between Defendants' and Mr. Koog's opportunity to fully appreciate and discover the dangerous character of asbestos exposure. By failing to disclose the knowledge known and appreciated by Defendants, Defendants intended to induce Mr. Koog into going about his job without worry. Without such knowledge and the benefit and right of informed choice regarding the dangers known to Defendants, Plaintiff and Decedent suffered the injuries and damages complained of herein.

## XIV. NEGLIGENT SUPPLY OF DANGEROUS CHATTEL- EMPLOYER AND PREMISES DEFENDANTS

Mr. Koog had substantial occupational exposure to asbestos while as an employee of Employer Defendants and Premises Defendants. At all times, Mr. Koog was a foreseeable ultimate user of the products supplied to him by Employer Defendants and Premises Defendants.

Mr. Koog worked as a naval fireman, boiler tender, boilermaker, pipefitter, power plant controlman, steam plant operator, and plumber and had very substantial exposure to asbestos from the asbestos-containing products supplied by Employer Defendants and Premises Defendants, which he personally used. The asbestos-containing materials Mr. Koog used at his jobs were supplied by Employer Defendants and Premises Defendants.

Employer Defendants and Premises Defendants did not warn Mr. Koog about the dangers of the asbestos-containing products supplied to him, and failed to give him adequate or timely instructions or warnings about how to work with the products in a reasonably safe manner such as the need to wear a respirator.

At the time he worked with the asbestos-containing materials supplied by Employer Defendants and Premises Defendants, Mr. Koog was unaware of the hazards of the asbestos-containing products to which he was exposed, which made them unsafe for the foreseeable uses of the product.

At the time Mr. Koog worked with the asbestos-containing materials supplied by Employer Defendants and Premises Defendants, they had actual knowledge of the potential hazards posed by exposure to asbestos-containing products, but failed to adequately or timely warn Mr. Koog about those hazards. Employer Defendants and Premises Defendants had actual knowledge that asbestos and asbestos-containing products posed a hazard to human health due to information and articles from scientific and medical journals received by their employees, and due to information and documents received from trade associations. Employer Defendants and Premises Defendants also had actual knowledge of the hazards of asbestos imputed by law, as the State of Texas imposed exposure limits to asbestos in the workplace beginning in 1957. In the alternative, Employer Defendants and Premises Defendants should have known about the hazards of the asbestos-containing materials they supplied to Mr. Koog by virtue of the available information in the scientific and medical literature.

By their conduct, Employer Defendants and Premises Defendants breached one or more of the following duties imposed by Texas law:

(a) In *FFE Transportation Services, Inc. v. Fulgham*, 154 S.W.3d 84 (Tex. 2004), the Court recognized a duty to exercise ordinary care on the part of a person who

hires an independent contractor and supplies material to the contractor for use in the relevant work.

(b) Restatement (Second) of Torts § 392, which has been adopted by the Texas courts *see, e.g., Producers Chemical Co. v. McKay*, 366 S.W.2d 220, 223 (Tex. 1963), provides:

One who supplies to another, directly or through a third person, a chattel to be used for the supplier's business purposes is subject to liability to those for whose use the chattel is supplied, or to those whom he should expect to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by whose persons for whose use the chattel is supplied:

(a) if the supplier fails to exercise reasonable care to make the chattel safe for the use for which it is supplied, or
(b) if he fails to exercise reasonable care to discover its dangerous condition or character and to inform those whom he should expect to use it.

(c) The Restatement (Second) of Torts § 388, which has been adopted by the Texas courts, *see, e.g., Humble Sand & Gravel v. Gomez*, 146 S.W.3d 170 (Tex. 2004); *Producers Chemical Co. v. McKay*, 366 S.W.2d 220, 223 (Tex. 1963); *Jaimes v. Fiesta Mart, Inc.*, 21 S.W.3d 301 (Tex. App.—Houston [1st Dist.] 1999, pet. denied), provides:

One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied if the supplier

(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

(d) The Restatement (Second) of Torts § 389, which has been adopted by the Texas courts, *see, e.g., Jaimes v. Fiesta Mart, Inc.*, 21 S.W.3d 301 (Tex. App.—Houston [1st Dist.] 1999, pet. denied), provides:

One who supplies directly or through a third person a chattel for another's use, knowing or having reason to know that the chattel is unlikely to be made reasonably safe before being put to a use which the supplier should expect it to be put, is subject to liability for physical harm caused by such use to those whom the supplier should expect to use the chattel or to be endangered by its probable use,

> and who are ignorant of the dangerous character of the chattel or whose knowledge thereof does not make them contributorily negligent, although the supplier has informed the other for whose use the chattel is supplied of its dangerous character.

The acts and omissions of Employer Defendants and Premises Defendants breached one or more of these duties, and were a substantial contributing factor and proximate cause of Mr. Koog's asbestos-related mesothelioma and resulting damages, and thus constitute actionable negligence. Employer Defendants and Premises Defendants breached these duties because they supplied Mr. Koog with dangerous asbestos-containing products, but never warned him about the dangers of the asbestos-containing products supplied to him, and failed to give him adequate or timely instructions or warnings about how to work with the products in a reasonably safe manner, such as the need to wear a respirator.

This cause of action alleged in this section is separate and independent of the duty to provide a safe workplace, premises liability, or any other premises liability theory governed by Civil Practice and Remedies Code, chapter 95. The fact that Employer Defendants and Premises Defendants owned real property does not immunize them from all other duties and responsibilities imposed by law. Thus, Employer Defendants and Premises Defendants should have provided adequate and timely warnings of the hazards of the products which they supplied, and to which Mr. Koog was exposed, so that he could have taken steps to protect himself such as wearing a respirator, or choosing not to continue to work with unreasonably dangerous products.

## XV.
## CONSPIRACY

Plaintiff further alleges that **METROPOLITAN LIFE INSURANCE COMPANY** and all the other Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated, and conspired among themselves to cause Decedent's injuries and

illnesses by exposing Decedent to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Decedent of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos or to expose themselves to the dangers of such use. Defendants committed the above described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

In furtherance of said conspiracies, Defendants performed the following overt acts:

(a) for many decades, Defendants, individually, jointly, and in conspiracy with each other, have been in possession of medical and scientific data, literature, and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery which caused the release of respirable asbestos fibers was unreasonably dangerous, hazardous, deleterious, carcinogenic, and potentially deadly;

(b) despite the medical and scientific data, literature, and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other, fraudulently, willfully, and maliciously;

(1) withheld, concealed and suppressed said medical and scientific data, literature, and test reports regarding the risks of asbestosis, cancer, mesothelioma, and other illnesses and diseases from persons who was

using and being exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(2) caused to be released, published, and disseminated medical and scientific data, literature, and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma, and other illnesses and diseases, which Defendants knew was incorrect, incomplete, outdated, and misleading; and

(3) distorted the results of medical examinations conducted upon workers and others such as Decedent who was using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm which workers have suffered.

(c) By the false and fraudulent representations, omissions, and concealments set forth above, Defendants, individually, jointly and in conspiracy with each other, intended to induce the Plaintiff and/or Decedent to rely upon said false and fraudulent representations, omissions, and concealments and to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products.

(d) In addition, certain of the Defendants, including but not limited to **METROPLOITAN LIFE INSURANCE COMPANY**, contrived, combined, confederated and conspired through a series of industry trade meetings and the

creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Decedent from contracting asbestos disease or cancer; and

(e) In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff and/or Decedent even if complied with.

Plaintiff and/or Decedent reasonably and in good faith relied upon the false and fraudulent representations, omissions, and concealments made by the Defendants regarding the nature of their asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or machinery which caused the release of respirable asbestos fibers.

As a direct and proximate result of Plaintiff and/or Decedent's reliance on Defendants' false and fraudulent representations, omissions, and concealments, Plaintiff and/or Decedent sustained damages including injuries, illnesses, diseases and death of the Decedent and have been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

All of the allegations contained in the previous paragraphs are re-alleged herein.

Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, through its Policyholders Service Bureau undertook duties owed by the asbestos-producing Defendants to the Plaintiff and/or Decedent by the testing of asbestos workers and the conduct of scientific studies. These duties included without limitation, the duties:

(a) to test fully and adequately for health risks concomitant to the normal and intended use of their products; and

(b) to instruct fully and adequately in the uses of their products so as to eliminate or reduce the health hazards concomitant with their normal or intended use.

In undertaking these duties, **METROPOLITAN LIFE INSURANCE COMPANY** knew or should have known that it was providing testing services for the ultimate protection of third persons, including the Plaintiff and/or Decedent.

In both conducting said tests and in publishing their alleged results, **METROPOLITAN LIFE INSURANCE COMPANY** failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. **METROPOLITAN LIFE INSURANCE COMPANY** also published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

Decedent unwittingly but justifiably relied upon the thoroughness of **METROPOLITAN LIFE INSURANCE COMPANY'S** tests and information dissemination, the results of which **METROPOLITAN LIFE INSURANCE COMPANY** published in leading medical journals.

As a direct and proximate contributing result of **METROPOLITAN LIFE INSURANCE COMPANY'S** failure to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so, (i) the risk of harm to

Decedent from asbestos exposure was increased, and (ii) Decedent suffered the injuries described below.

In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as was obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the asbestos-producing Defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain, **METROPOLITAN LIFE INSURANCE COMPANY** acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the Plaintiff and/or Decedent.

## XV.
## WRONGFUL DEATH & SURVIVAL ACTIONS

As Arthur R. Koog suffered an asbestos-related death, Plaintiff, on behalf of his heirs and wrongful death beneficiaries seeks the following general and special damages including, but not limited to, damages for survival and wrongful death claims, that she has sustained both in her individual capacity and as the Personal Representative of the Estate of Arthur R. Koog:

1. The conscious physical pain and suffering sustained by Mr. Koog prior to his death;
2. The mental anguish sustained by Mr. Koog prior to his death;
3. The physical impairment suffered by Mr. Koog prior to his death;
4. The disfigurement suffered by Mr. Koog prior to his death;
5. Reasonable and necessary medical expenses incurred by Mr. Koog prior to his death;
6. Reasonable funeral and burial expenses incurred by Mr. Koog and his estate;
7. The loss of household services, consortium, pecuniary loss, companionship and society which heirs and wrongful death beneficiaries of Mr. Koog received from Mr. Koog prior to his last illnesses and death;
8. The mental anguish suffered by heirs and wrongful death beneficiaries of Mr. Koog as a consequence of the last illnesses and death of Mr. Koog;
9. Punitive and exemplary damages as allowed by law to punish Defendants for proximately causing Mr. Koog's untimely death;
10. Prejudgment interest on all elements of damages as allowed by law; and,

11. Any other actual, compensatory, punitive and exemplary damages recoverable pursuant to the wrongful death and survival act as set out by Chapter 71 of the Texas Civil Practices and Remedies Code.

## XVI.
## DAMAGES

As a direct and proximate result of Defendants' negligence, Mr. Koog sustained a multitude of severe and incapacitating injuries. Upon trial of this case, Plaintiff respectfully requests the Court and jury to determine the amount of loss Plaintiff incurred in the past and will incur in the future. There are certain elements of damages provided by law that Plaintiff is entitled to have the jury separately consider to reasonably compensate Plaintiff for the injuries, damages and losses incurred.

Plaintiff was damaged in the following particulars:

1. Mr. Koog suffered great physical pain and mental anguish;
2. Plaintiff incurred hospital and/or medical and/or pharmaceutical and/or other expenses;
3. Mr. Koog suffered physical impairment;
4. Mr. Koog suffered permanent disability;
5. Mr. Koog required medical monitoring;
6. Mr. Koog suffered a progressive loss of earning capacity;
7. Mr. Koog required domestic help and nursing care due to his disabilities;
8. The heirs and wrongful death beneficiaries of Mr. Koog seek damages for loss of consortium;
9. Plaintiff also asserts a claim for prejudgment interest on all elements of damages as allowed by law; and,
10. Plaintiff seeks actual, compensatory, punitive and exemplary damages which Plaintiff alleges are in excess of the minimum jurisdictional limits of this Court, including, where applicable, their right to all damages recoverable pursuant to the wrongful death and survival act as set out by Chapter 71 of the Texas Civil Practices and Remedies Code.

## XVII.
## GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged herein above, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or gross negligence resulting

in the damages and diseases. More specifically, Defendants and their predecessors-in-interest, consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to Mr. Koog and should be held liable in punitive and exemplary damages to Plaintiff.

Additionally, the actions, omissions, and/or undertakings of Defendants were of such a character as to make the Defendants guilty of malice. The conduct of the Defendants involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. In addition, the Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. As a result of the conduct of Defendants, Plaintiff seeks exemplary damages in such an amount as to be found to be proper under the facts and circumstances.

Plaintiff would further show that Defendants knowingly or recklessly caused serious bodily injury to Mr. Koog. Defendants' acts were intentional because it was their desire to engage in the conduct that caused fatal injuries to Mr. Koog. In addition, Defendants' acts were committed knowingly because Defendants were aware of the nature of their conduct or that the circumstances existed that may cause serious bodily harm to Mr. Koog.

## XVIII.
## DISCOVERY RULE

Plaintiff hereby invokes the discovery rule and would show the Court that Mr. Koog did not know he had a work-related disease nor should he have known he had a work-related disease during his lifetime for more than two years.

## XIX.
## JURY DEMAND

Plaintiff demands that all issues of fact in this case be tried to a jury and tender the jury fee herewith.

## XX.
## PRAYER

Plaintiff prays that upon final hearing, Plaintiff recovers judgment from each Defendant, jointly and severally, pursuant to the above allegations in such amounts as found proper by a jury, which is in excess of the jurisdictional minimum of this court and as the evidence may show proper at the time of trial, together with interest thereon at the legal rate; punitive an/or exemplary damages; Plaintiff's costs expended in prosecuting this matter; and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**HOTZE RUNKLE, PLLC**

By: /s/ Ryan C. Runkle

Ryan Christopher Runkle
State Bar No 24011425
ryan@hotzerunkle.com
1101 South Capital of Texas Hwy
Bldg. C, Suite 100
West Lake Hills, Texas 78746
512-476-7771 - Office
512-476-7781 – Fax

**Attorney for the Plaintiff**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ryan Runkle on behalf of Ryan Runkle
Bar No. 24011425
ryan@hotzerunkle.com
Envelope ID: 96827699
Filing Code Description: Petition
Filing Description: Koog, Arthur Original Petition
Status as of 1/31/2025 11:20 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ryan C.Runkle | | ryan@hotzerunkle.com | 1/31/2025 9:09:21 AM | SENT |

# Exhibit 1

Arthur Koog's Pathology Report and Death Certificate

Pathology Records Obtained by Authorization

From St. David's Round Rock Medical Center

2400 Round Rock Avenue

Round Rock, TX 78681

Pertaining to Arthur R. Koog

For Ryan C. Runkle

Nell McCallum & Associates, Inc.

49715.004

**NELL MCCALLUM & ASSOCIATES, INC., HAS VERIFIED THAT THESE RECORDS ARE COMPLETE AND THE BEST POSSIBLE QUALITY.**

PATIENT: KOOG,ARTHUR ROGER ACCT #: D62401264116 LOC: D.3M U #: D000470618
AGE/SX: 85/M ROOM: D.320 REG: 01/17/23
REG DR: Pothala,Padmavathamma STATUS: DIS IN BED: 01 DIS: 02/07/23

Specimen: RK:S23-218 Received: 01/18/23-1221 Status: SOUT Req#: 05444248
Spec Type: BODY FLUID Subm Dr: Amin,Nirav DO

FINAL DIAGNOSIS

RIGHT PLEURAL FLUID FOR CYTOLOGY (ONE THINPREP AND ONE CELL BLOCK): THIN PROTEINACEOUS FLUID WITH SMALL, CYTOLOGICALLY UNREMARKABLE LYMPHOCYTES, HISTIOCYTES, AND REACTIVE/DEGENERATIVE MESOTHELIAL CELLS; NEGATIVE FOR DIAGNOSTIC CYTOLOGIC EVIDENCE OF MALIGNANCY (SEE MICROSCOPIC).

Dictated by:Peterson,Craig J MD

CLINICAL HISTORY

DX: LARGE PLEURAL EFFUSION

Dictated by: /

GROSS DESCRIPTION

1. Received without fixative labeled "pleural fluid" are 35 cc of cloudy red fluid. The specimen is submitted for cytological processing and evaluation.

(CB/tzg)

Dictated by: BATTEN,CRAIG A.

** CONTINUED ON NEXT PAGE **

---

Patient: KOOG,ARTHUR ROGER #D62401264116 (Continued)

---

MICROSCOPIC DESCRIPTION

Examination of the one ThinPrep slide and of the sections of the single cell block produced from the "right pleural fluid" cytology specimen shows a background of thin proteinaceous fluid containing scattered lymphocytes and histiocytes. Superimposed on this background is a small population of prominently reactive and mildly degenerative mesothelial cells. Cells with viral cytopathic effect are not encountered. The specimen is negative for diagnostic cytologic evidence of malignancy.

This patient has a history of a low-grade follicular lymphoma dating back several years. It is noted that conventional cytologic evaluation of body fluids is not a sensitive means to identify low-grade lymphoproliferative disorders. If there is ongoing clinical concern regarding low level involvement of the pleural fluid by lymphoma, consideration of submission of additional material for flow cytometric analysis is suggested. (CJP/tzg)

This case was interpreted at St. David's Round Rock Medical Center, 2400 Round Rock Ave., Round Rock, TX 78681, Phone (512) 341-1000, CLIA #45D0504456.

Specimens processed and screened at Clinical Pathology Laboratories, 9200 Wall Street Austin, TX 78754 Phone (512) 339-1275, CLIA: 45D0505003 and interpreted at St. David's Round Rock Medical Center, 2400 Round Rock Ave., TX 78681 Phone (512) 341-1000, CLIA: 45D0504456

Dictated by: Peterson,Craig J MD

COPIES TO:

Amin,Nirav DO
2400 Round Rock Ave Emergency
Dept
Round Rock, TX 78681
(512)943-3000

Wiseman,Jeremy Douglas MD
2500 S Lakeline Blvd Ste 100
Cedar Park, TX 78613
(512)345-8970

Zhuta,Fatlind MD
5870 N Hiatus Rd Ste 200
Tamarac, FL 33321
(512)341-5632
fatlind_zhuta@teamhealth.com

MARKERS: CYTOLOGY

PROCEDURES: SURG PATH LEV 4 (01/18/23-1223)
THINPREP (01/19/23-1350)

** CONTINUED ON NEXT PAGE **

---

Patient: KOOG,ARTHUR ROGER #D62401264116 (Continued)

---

TISSUES:
1. Pleural fluid, NOS - RIGHT PLEURAL FLUID

---

Signed <Signature on file> Peterson,Craig J MD 01/19/23 1350

---

** END OF REPORT **

---

PATIENT: KOOG,ARTHUR ROGER ACCT #: D62401264116 LOC: D.3M U #: D000470618
AGE/SX: 85/M ROOM: D.320 REG: 01/17/23
REG DR: Pothala,Padmavathamma STATUS: DIS IN BED: 01 DIS: 02/07/23

---

Specimen: RK:S23-254 Received: 01/20/23-1022 Status: SOUT Req#: 05446147
Spec Type: BODY FLUID Subm Dr: Urs,Niveditha MD

---

FINAL DIAGNOSIS

RIGHT SIDE PLEURAL FLUID, FLOW CYTOMETRIC ANALYSIS: SLIGHTLY LIMITED IMMUNOPHENOTYPING; NO ABNORMAL OR CLONAL LYMPHOCYTE POPULATION IDENTIFIED; SEE RESULTS.

Dictated by:Peterson,Craig J MD

---

CLINICAL HISTORY

THORACENTESIS
DX: EXUDATIVE RIGHT PLEURAL EFFUSION

Dictated by: /

---

GROSS DESCRIPTION

1. Received labeled "right side pleural fluid" is a fluid sample recieved in RPMI media (20 cc). The specimen is submitted for flow cytometric analysis.

(CB/tzg)

Dictated by: BATTEN,CRAIG A.

COMMENT

This case was examined at St. David's Round Rock Medical Center, 2400 Round Rock Ave., Round Rock, TX 78681, Phone (512) 341-1000, CLIA #45D0504456.

Dictated by: Peterson,Craig J MD

** CONTINUED ON NEXT PAGE **

FLOW CYTOMETRY

FLOW CYTOMETRY

LEUKEMIA/LYMPHOMA PHENOTYPING
A) Flow Cytometry - Pleural/Thoracentesis Fluid

IMMUNOPHENOTYPIC DIAGNOSIS:
- Slightly limited immunophenotyping; no abnormal or clonal lymphocyte population identified; see Results.

RESULTS:
With limited cellularity, the immunophenotypic panel is slightly truncated. Debris events comprise 77% of total cellularity. Lymphocytes are 34% of characterizable events. These are a mixture of T-cells and B-cells, the former predominating. The T-cells comprise a mixture of phenotypically normal CD4 and CD8 positive cells, the former predominating. The B-cells show polytypic kappa and lambda expression in the appropriate proportions.

In summary, slightly limited immunophenotype shows no abnormal or clonal lymphocyte population. These findings should be considered carefully in the clinical and morphologic context for optimal interpretation.

Flow cytometry study has been reviewed and reported by Christine R Burgess, M.D.

FLOW CYTOMETRY DIFFERENTIAL

| | | Lymphocyte Subsets | |
|---|---|---|---|
| Lymphs | 34.3% | | |
| Monos | 9.7% | Total B-Cells | 4.8% |
| Hematogones | 0.0% | Kappa B-Cells | 3.2% |
| RBC Precursor | 0.0% | Lambda B-Cells | 1.6% |
| Myeloid | 52.8% | Total T-Cells | 17.3% |
| Basos | 0.0% | CD4 T-Cells | 12.6% |
| Blasts | 0.0% | CD8 T-Cells | 4.3% |
| Plasma Cells | 0.0% | CD4/CD8 Ratio | 2.91 |
| Other Cells | 0.0% | Total NK-Cells | 4.5% |
| Debris | 76.8% | | |

IMMUNOPHENOTYPIC DESCRIPTION/CHARACTERIZATION

| T-CELL RELATED | | B-CELL RELATED | |
|---|---|---|---|
| CD2 | Examined | CD19 | Examined |
| CD3 | Examined | CD20 | Examined |
| CD4 | Examined | KAPPA | Examined |
| CD5 | Examined | LAMBDA | Examined |
| CD7 | Examined | | |
| CD8 | Examined | | |

** CONTINUED ON NEXT PAGE **

Patient: KOOG,ARTHUR ROGER #D62401264116 (Continued)

FLOW CYTOMETRY (Continued)

| MYELOID RELATED | MISCELLANEOUS | |
|---|---|---|
| | CD10 | Examined |
| | CD38 | Examined |
| | CD45 | Examined |
| | CD56 | Examined |

CLINICAL DATA:
Concurrent case: Round Rock Hospital, S23-254

PATHOLOGIST:
Christine R. Burgess

Specimens processed and interpreted at Clinical Pathology Laboratories, 9200 Wall Street Austin, TX 78754, Phone: (512) 339-1275, CLIA: 45D0505003

DISCLAIMER
Flow Cytometry test was developed and its performance characteristics determined by CLINICAL PATHOLOGY LABORATORIES; AUSTIN, TEXAS. It has not been cleared or approved by the U.S. Food and Drug Administration. However, the FDA does not require that the analyte specific reagents (ASR) used in this test go through premarket FDA review. This test is used for clinical purposes. It should not be regarded as investigational or for research. This laboratory is certified under the Clinical Laboratory Improvement Amendments (CLIA) as qualified to perform high complexity clinical laboratory testing.

Some antigens evaluated by flow cytometry may also be evaluated by immunohistochemistry (IHC) when deemed medically necessary. Concurrent evaluation by IHC on tissue sections is indicated in some cases in order to further characterize or categorize tumors. IHC may also be necessary to correlate immunophenotype with cell morphology and determine extent of involvement, spatial pattern, and focality of potential disease distribution.

NOTE: Photomicrographs are representative and not intended for diagnostic purposes.

CPT:
88184, 88185x13, 88188
NUMBER OF SITES
A) Pleural/Thoracentesis Fluid

UNLESS OTHERWISE INDICATED, ALL TESTING PERFORMED AT
CLINICAL PATHOLOGY LABORATORIES, INC. 9200 WALL ST AUSTIN, TX 78754
LABORATORY DIRECTOR: MARK A. SILBERMAN, M.D.

** CONTINUED ON NEXT PAGE **

Patient: KOOG,ARTHUR ROGER #D62401264116 (Continued)

FLOW CYTOMETRY (Continued)

CLIA NUMBER 45D0505003 CAP ACCREDITATION NO. 21525-01

Dictated by: Peterson,Craig J MD

COPIES TO:
Urs,Niveditha MD
2400 Round Rock Ave #390
Round Rock, TX 78681-4004
(512)341-1258

Wiseman,Jeremy Douglas MD
2500 S Lakeline Blvd Ste 100
Cedar Park, TX 78613
(512)345-8970

Zhuta,Fatlind MD
5870 N Hiatus Rd Ste 200
Tamarac, FL 33321
(512)341-5632
fatlind_zhuta@teamhealth.com

MARKERS: FLOW CYTOMETRY

PROCEDURES: CDLL MARKER CD2 (01/24/23-1039)
CD 10 ADD (01/24/23-1039)
CD 19 ADD (01/24/23-1039)
CD 20 ADD (01/24/23-1039)
CD 3 ADD (01/24/23-1039)
CD 38 ADD (01/24/23-1039)
CD 45 ADD (01/24/23-1039)
CD 5 ADD (01/24/23-1039)
CD 56 ADD (01/24/23-1039)
CD 7 ADD (01/24/23-1039)
CD4 HELPER INDU (01/24/23-1039)
CD8 ABSOLUTE FC (01/24/23-1039)
CELL MRK KAPPA (01/24/23-1039)
CELL MRK LAMEBD (01/24/23-1039)

TISSUES:
1. Pleural fluid, NOS - RIGHT PLEURAL FLUID

Signed <Signature on file> Peterson,Craig J MD 01/24/23 0827

** END OF REPORT **

PATIENT: KOOG,ARTHUR ROGER ACCT #: D62401264116 LOC: D.3M U #: D000470618
AGE/SX: 85/M ROOM: D.320 REG: 01/17/23
REG DR: Pothala,Padmavathamma STATUS: DIS IN BED: 01 DIS: 02/07/23

Specimen: RK:S23-346 Received: 01/26/23-1418 Status: SOUT Req#: 05452714
Spec Type: BODY FLUID Subm Dr: Pothala,Padmavathamma MD

ADDENDUM PATHOLOGY REPORT

The reason for the addendum is to indicate a pathologist's identification and selection of appropriate tumor tissue in an archived specimen for ancillary testing.

This case is retrieved to identify a tumor-containing paraffin block to submit for ancillary molecular (or other) testing. Block 1B is selected on 3/8/2023 to be sent to Caris Life Sciences Laboratory by pathologist, Dr. Peterson, on behalf of Dr. Darren Kocs.

Primary interpretation was rendered by Dr. Peterson on 1/30/2023 at St. David's Round Rock Medical Center, 2400 Round Rock Ave., Round Rock, TX 78681, Phone (512) 341-1000, CLIA #45D0504456.

CPT CODE: 88363

Dictated by: Peterson,Craig J Md

Signed <Signature on file> Peterson,Craig J Md 01/30/23 1407

FINAL DIAGNOSIS

1. RIGHT PLEURA, BIOPSY: POSITIVE FOR MALIGNANT MESOTHELIOMA WITH BIPHASIC EPITHELIOID AND SPINDLE CELL MORPHOLOGY.

2. RIGHT PLEURAL FLUID FOR CYTOLOGY (ONE THINPREP AND ONE CELL BLOCK): THIN PROTEINACEOUS FLUID WITH RED BLOOD CELLS AND SCATTERED LYMPHOCYTES AND HISTIOCYTES; NEGATIVE FOR DIAGNOSTIC EVIDENCE OF MALIGNANCY.

Dictated by:Peterson,Craig J Md

** CONTINUED ON NEXT PAGE **

Patient: KOOG,ARTHUR ROGER #D62401264116 (Continued)

CLINICAL HISTORY

RIGHT VATS W/ PLEURAL BIOPSY, POSSIBLE TALC PLEURODESIS
DX: PLEURAL EFFUSION

Dictated by: /

GROSS DESCRIPTION

1. Received in formalin and labeled "right pleural biopsy" is a 5.0 x 5.0 x 2.0 cm aggregate of irregularly shaped tissue pieces ranging from pink-red, firm, and fibrous to tan-yellow, friable fatty tissue. Sections range from pink-red and firm to pale yellow-white fatty cut surfaces. No definite masses are identified. Representative sections are submitted in cassettes 1A,1B.

2. Received fresh without fixative in a suction canister and labeled "right pleural fluid" are approximately 800 mL of dark red, turbid, watery fluid. The specimen is submitted for cytologic processing.

(LC/tzg)

Dictated by: CLARK,LANCE S

MICROSCOPIC DESCRIPTION

1A-1B: Sections of the specimen submitted as "right pleural biopsy" show multiple fragments of pleural connective tissue and underlying fat. Accompanying fibrin with red blood cells and mixed inflammation is present. The pleura in these tissue fragments is extensively involved by a malignant proliferation of cells with varying epithelioid to spindle cell morphology. Areas of necrosis and surface ulceration are present. Attendant mixed inflammation is seen. The tumor cells have moderately to markedly pleomorphic nuclear contours, hyperchromatic coarse chromatin, and generally prominent eosinophilic nucleoli. The tumor cell cytoplasm is eosinophilic and variably vesicular. The mitotic rate is counted at 9 per 10 high-power fields. Diagnostic lymphovascular invasion is not seen. The tumor is present at the edges of these biopsy fragments.

In an effort to better define the tumor in this specimen, a battery of immunoperoxidase stains was performed in the presence of appropriately functioning control slides. The tumor cell population is found to mark as follows:

calretinin - positive
WT-1 - positive

** CONTINUED ON NEXT PAGE **

MICROSCOPIC DESCRIPTION (Continued)

D2-40 - positive
CK5/6 - positive
Ber-EP4 - negative
MOC-31 - negative

The light microscopic features of the tumor in this specimen, considered in conjunction with the results of the above-described immunoperoxidase staining battery, are those of a malignant mesothelioma with biphasic epithelioid and spindle cell morphology. This tumor receives a nuclear score of 2 of 3 and a mitotic rate score of 3 of 3 for a composite score of 5 of 6. The tumor is thus assigned to grade 2.

Examination of the one ThinPrep slide and of the sections of the single cell block produced from the "right pleural fluid" cytology specimen shows a background of thin proteinaceous fluid containing red blood cells along with occasional lymphocytes and histiocytes. This specimen is negative for diagnostic evidence of malignancy.

This case was shown to Dr. Gaudin who concurs with the interpretation. These final results were called to Dr. Kocs at 2:00 p.m. on 1/30/2023. (CJP/tzg)

This case was interpreted at St. David's Round Rock Medical Center, 2400 Round Rock Ave., Round Rock, TX 78681, Phone (512) 341-1000, CLIA #45D0504456.

Specimens processed and screened at Clinical Pathology Laboratories, 9200 Wall Street Austin, TX 78754 Phone (512) 339-1275, CLIA: 45D0505003 and interpreted at St. David's Round Rock Medical Center, 2400 Round Rock Ave., TX 78681 Phone (512) 341-1000, CLIA: 45D0504456

Dictated by: Peterson,Craig J Md

COPIES TO:

Dupont,Cedric MD
8140 N Mopac #3-210
Austin, TX 78759
(512)343-2292
cdupont@napaanesthesia.com

Pothala,Padmavathamma MD
PO Box 200009
Austin, TX 78720-0009
(512)458-1121
devibr@hotmail.com

Wiseman,Jeremy Douglas MD
2500 S Lakeline Blvd Ste 100
Cedar Park, TX 78613
(512)345-8970

** CONTINUED ON NEXT PAGE **

---

Patient: KOOG,ARTHUR ROGER #D62401264116 (Continued)

---

COPIES TO: (Continued)

Zhuta,Fatlind MD
5870 N Hiatus Rd Ste 200
Tamarac, FL 33321
(512)341-5632
fatlind_zhuta@teamhealth.com

MARKERS: CYTOLOGY, CANCER MARKER, IMMUNOPEROXIDASE STAIN, INSIDE CONSULT, TUMOR BOARD

PROCEDURES: SURG PATH LEV 4 (01/26/23-1420)
THINPREP (01/27/23-1205)
IMMUNO HIST ADD (01/27/23-1205)
IMMUNO HIST EA (01/27/23-1205)

TISSUES:
1. Right pleura, NOS - RIGHT PLEURAL BIOPSY
2. Pleural fluid, NOS - RIGHT PLEURAL FLUID

---

Signed <Signature on file> Peterson,Craig J Md 01/30/23 1407

---

** END OF REPORT **

# STATE OF TEXAS
## CERTIFICATION OF VITAL RECORD

# DEPARTMENT OF STATE HEALTH SERVICES
# VITAL STATISTICS

TEXAS DEPARTMENT OF STATE HEALTH SERVICES - VITAL STATISTICS
Apr 11 2023

**STATE OF TEXAS** **CERTIFICATE OF DEATH** **STATE FILE NUMBER** 142-23-059069

1. LEGAL NAME OF DECEASED (Include AKA's, if any) (First, Middle, Last): ARTHUR ROGER KOOG
(Before Marriage):
2. DATE OF DEATH ACTUAL OR PRESUMED (mm-dd-yyyy): APRIL 7, 2023
3. SEX: MALE
4. DATE OF BIRTH (mm-dd-yyyy): APRIL 19, 1937
5. AGE-Last Birthday (Years): 85
IF UNDER 1 YR: Mo. Days
IF UNDER 1 DAY: Hours Min
6. BIRTHPLACE (City & State or Foreign Country): DEL RIO, TX
7. SOCIAL SECURITY NUMBER: 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
8. MARITAL STATUS AT TIME OF DEATH: [X] Married [ ] Widowed (but not remarried) [ ] Divorced (but not remarried) [ ] Never Married [ ] Unknown
9. SURVIVING SPOUSE'S NAME (if spouse, give name prior to first marriage): CONNIE SUE DAMERON
10a. RESIDENCE STREET ADDRESS: 707 LAKE VIEW COVE
10b. APT. NO.:
10c. CITY OR TOWN: ROUND ROCK
10d. COUNTY: WILLIAMSON
10e. STATE: TEXAS
10f. ZIP CODE: 78681
10g. INSIDE CITY LIMITS? [X] Yes [ ] No
11. FATHER/PARENT 2 NAME PRIOR TO FIRST MARRIAGE: CHARLES KOOG
12. MOTHER/PARENT 1 NAME PRIOR TO FIRST MARRIAGE: JOYCE A CALKINS
13. PLACE OF DEATH (CHECK ONLY ONE)
IF DEATH OCCURRED IN A HOSPITAL: [ ] Inpatient [ ] ER/Outpatient [ ] DOA
IF DEATH OCCURRED SOMEWHERE OTHER THAN A HOSPITAL: [ ] Hospice Facility [ ] Nursing Home [X] Decedent's Home [ ] Other (Specify)
14. COUNTY OF DEATH: WILLIAMSON
15. CITY/TOWN, ZIP (IF OUTSIDE CITY LIMITS, GIVE PRECINCT NO): ROUND ROCK, 78681
16. FACILITY NAME (If not institution, give street address): 707 LAKE VIEW COVE
17. INFORMANT'S NAME & RELATIONSHIP TO DECEASED: CONNIE KOOG - SPOUSE
18. MAILING ADDRESS OF INFORMANT (Street and Number, City, State, Zip Code): 707 LAKE VIEW COVE, ROUND ROCK, TX 78681
19. METHOD OF DISPOSITION: [ ] Burial [X] Cremation [ ] Donation [ ] Entombment [ ] Removal from state [ ] Mausoleum [ ] Other (Specify)
20. SIGNATURE AND LICENSE NUMBER OF FUNERAL DIRECTOR OR PERSON ACTING AS SUCH: BLAKE HENDERSON,BY ELECTRONIC SIGNATURE - 111829
21. [X] Unknown
Section
Block
Lot
Space
22. PLACE OF DISPOSITION (Name of cemetery, crematory, other place): BECK CREMATORY
23. LOCATION (City/Town, and State): AUSTIN, TX
24. NAME OF FUNERAL FACILITY: BECK FUNERAL HOME LTD
25. COMPLETE ADDRESS OF FUNERAL FACILITY (Street and Number, City, State, Zip Code): 15709 RANCH ROAD 620, AUSTIN, TX 78717
26. CERTIFIER (Check only one)
[X] Certifying physician-To the best of my knowledge, death occurred due to the cause(s) and manner stated.
[ ] Medical Examiner/Justice of the Peace - On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date and place, and due to the cause(s) and manner stated.
27. SIGNATURE OF CERTIFIER: DARREN KOCS , BY ELECTRONIC SIGNATURE
28. DATE CERTIFIED (mm-dd-yyyy): APRIL 11, 2023
29. LICENSE NUMBER: L6477
30. TIME OF DEATH (Actual or presumed): 07:24 AM
31. PRINTED NAME, ADDRESS OF CERTIFIER (Street and Number, City, State, Zip Code): DARREN KOCS 2410 ROUND ROCK AVE STE 150, ROUND ROCK, TX 78681
32. TITLE OF CERTIFIER: MD

CAUSE OF DEATH

33. PART 1. ENTER THE CHAIN OF EVENTS - DISEASES, INJURIES, OR COMPLICATIONS - THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. DO NOT ABBREVIATE. ENTER ONLY ONE CAUSE ON EACH.

| | | Approximate Interval Onset to death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition ------> resulting in death) | a. METASTATIC MESOTHELIOMA | 3 MONTHS |
| | Due to (or as a consequence of): | |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | b. | |
| | Due to (or as a consequence of): | |
| | c. | |
| | Due to (or as a consequence of): | |
| | d. | |

PART 2. ENTER OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I.
34. WAS AN AUTOPSY PERFORMED? [ ] Yes [X] No
35. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? [ ] Yes [ ] No
36. MANNER OF DEATH: [X] Natural [ ] Accident [ ] Suicide [ ] Homicide [ ] Pending Investigation [ ] Could not be determined
37. DID TOBACCO USE CONTRIBUTE TO DEATH? [X] Yes [ ] No [ ] Previously [ ] Probably [ ] Unknown
38. IF FEMALE: [ ] Not pregnant within past year [ ] Pregnant at time of death [ ] Not pregnant, but pregnant within 42 days of death [ ] Not pregnant, but pregnant 43 days to one year before death [ ] Unknown if pregnant within the past year
39. IF TRANSPORTATION INJURY, SPECIFY: [ ] Driver/Operator [ ] Passenger [ ] Pedestrian [ ] Other (Specify)
40a. DATE OF INJURY (mm-dd-yyyy)
40b. TIME OF INJURY
40c. INJURY AT WORK? [ ] Yes [ ] No
40d. PLACE OF INJURY (e.g. Decedent's home, construction site, restaurant, wooded area)
40e. LOCATION (Street and Number, City, State, Zip Code)
40f. COUNTY OF INJURY
41. DESCRIBE HOW INJURY OCCURRED
42a. REGISTRAR FILE NO.
42b. DATE RECEIVED BY LOCAL REGISTRAR
42c. REGISTRAR

JON

VS-112 REV 1/2006

TEXAS DEPARTMENT OF STATE HEALTH SERVICES - VITAL STATISTICS UNIT

WARNING: The penalty for knowingly making a false statement on this form can be 2-10 years in prison and a fine of up to $10,000. (Health and Safety Code, Sec. 195, 1985)

GA2240533660

EDR NUMBER 000044445594800

This is a true and correct copy of the record as registered in the State of Texas. Issued under the authority of Section 191.051, Health and Safety Code.

ISSUED Apr 12 2023

TARA DAS
STATE REGISTRAR

WARNING: THIS DOCUMENT HAS A DARK BLUE BORDER AND A COLORED BACKGROUND

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

THE STATE OF TEXAS

DEPARTMENT OF STATE HEALTH SERVICES · STATE OF TEXAS · VITAL STATISTICS

MAR 10 2025