**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CONNIE SUE KOOG,** Individually and as Personal Representative on Behalf of the Estate of **ARTHUR KOOG** and all Wrongful Death Beneficiaries, | § § § § § | |
| Plaintiff, | § | **CIVIL ACTION NO. 4:25-cv-01879** |
| v. | § § § | |
| **A.W. CHESTERTON COMPANY,** ***et al.*****,** | § § § | |
| **Defendants.** | § | |

**DEFENDANT IMO INDUSTRIES LLC'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, CROSS-CLAIM, AND ANSWER TO ALL CROSS-CLAIMS**

COMES NOW Defendant IMO INDUSTRIES LLC ("IMO"), a Defendant in the above-styled and numbered cause and files this, its Original Answer to Plaintiffs' First Amended Complaint. In response to Plaintiff's First Amended Complaint, Defendant IMO would respectfully show the Court the following:

1. Defendant IMO reasserts and incorporates by reference its responses, including all affirmative defenses, contained in its Answer to Plaintiff's original Petition ("original Complaint"), as though fully set forth herein in response to the allegations contained in the First Amended Complaint.

## I. ANSWER

2. Defendant IMO denies the allegations contained in paragraph 1 of the First Amended Complaint insofar as the allegations are directed against IMO. IMO lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 1 to the extent the allegations relate to others.

3. The allegations in Paragraph 2 of the First Amended Complaint are a recitation of the procedural history of this action, for which no response is required.

4. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

5. Defendant IMO denies the allegations contained in paragraph 4 of the First Amended Complaint insofar as the allegations are directed against IMO. IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 to the extent the allegations relate to others.

6. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

7. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

8. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

9. Defendant IMO admits that it is a Delaware limited liability company and that it filed an Answer to Plaintiff's original Complaint before this action was removed to Federal Court. Defendant IMO denies the remaining allegations in Paragraph 8 directed against IMO. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 directed at others.

10. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

11. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

12. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

13. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

14. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

15. The allegations in Paragraphs 14 through 20 are conclusions of law, for which no response is required; to the extent the allegations in Paragraphs 14 through 20 are deemed allegations of fact, Defendant IMO denies them insofar as the allegations are directed at Defendant IMO.

16. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

17. Defendant IMO denies the allegations in Paragraphs 22 through 24.

18. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 25 through 32.

19. In response to "Cnt. I-1.", Defendant IMO re-asserts its responses to Paragraphs 1 through 32 set forth herein.

20. Defendant IMO denies the allegations in "Cnt. I-2.," including all of its subparts.

21. Defendant IMO denies the allegations in "Cnt. I-3."

22. Defendant IMO denies the allegations in "Cnt. 1-4."

23. The allegations in "Cnt. I-5." are conclusions of law, for which no response is required; to the extent the allegations in "Cnt. I-5." are deemed allegations of fact, Defendant IMO denies them insofar as the allegations are directed at Defendant IMO.

24. Defendant IMO denies the allegations in "Cnt. I-6."

25. In response to "Cnt. II-1.", Defendant IMO re-asserts its responses to Paragraphs 1 through "Cnt.1-6." set forth herein.

26. Defendant IMO denies the allegations in "Cnt. II-2."

27. Defendant IMO denies the allegations in "Cnt. II-3."

28. Defendant IMO denies the allegations in "Cnt. II-4."

29. Defendant IMO denies the allegations in "Cnt. II-5."

30. Defendant IMO denies the allegations in "Cnt. II-6."

31. Defendant IMO denies the allegations in "Cnt. II-7."

32. Defendant IMO denies the allegations in "Cnt. II-8."

33. Defendant IMO denies the allegations in "Cnt. II-9."

34. Defendant IMO denies the allegations in "Cnt. II-10."

35. Defendant IMO denies the allegations in "Cnt. II-11."

36. Defendant IMO denies the allegations in "Cnt. II-12."

37. Defendant IMO denies the allegations in "Cnt. II-13.," including all of its subparts.

38. Defendant IMO denies the allegations in "Cnt. II-14."

39. Defendant IMO denies the allegations in "Cnt. II-15."

40. Defendant IMO denies the allegations in "Cnt. II-16."

41. Defendant IMO denies the allegations in "Cnt. II-17."

42. Defendant IMO denies the allegations in "Cnt. II-18."

43. The allegations in "Cnt. II-19." are conclusions of law, for which no response is required; to the extent the allegations in "Cnt. II-19." are deemed allegations of fact, Defendant IMO denies them insofar as the allegations are directed at Defendant IMO.

44. The allegations in "Cnt. II-20." are conclusions of law, for which no response is required; to the extent the allegations in "Cnt. II-20." are deemed allegations of fact, Defendant IMO denies them insofar as the allegations are directed at Defendant IMO.

45. Defendant IMO denies the allegations in "Cnt. II-21."

46. In response to "Cnt. III-1.", Defendant IMO re-asserts its responses to Paragraphs 1 through "Cnt.II-21." set forth herein.

47. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in "Cnt. III-2." through "Cnt. III-4.".

48. In response to "Cnt. IV-1.", Defendant IMO re-asserts its responses to Paragraphs 1 through "Cnt.III-4." set forth herein.

49. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in "Cnt. IV-2." through "Cnt. IV-7.".

50. In response to "Cnt. V-1.", Defendant IMO re-asserts its responses to Paragraphs 1 through "Cnt.IV-7." set forth herein.

51. Defendant IMO denies the allegations in "Cnt. V-2."

52. Defendant IMO denies the allegations in "Cnt. V-3.," including all of its subparts.

53. Defendant IMO denies the allegations in "Cnt. V-4."

54. Defendant IMO denies the allegations in "Cnt. V-5."

55. The allegations in "Cnt. V-6." are conclusions of law, for which no response is required; to the extent the allegations in "Cnt. V-6." are deemed allegations of fact, Defendant IMO denies them insofar as the allegations are directed at Defendant IMO.

56. Defendant IMO denies the allegations in "Cnt. V-7."

57. In response to "Cnt. VI-1.", Defendant IMO re-asserts its responses to Paragraphs 1 through "Cnt.V-7." set forth herein.

58. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in "Cnt. VI-2." through "Cnt. VI-12.".

59. In response to "Cnt. VII-1.", Defendant IMO re-asserts its responses to Paragraphs 1 through "Cnt.VI-12." set forth herein.

60. Defendant IMO denies the allegations in "Cnt. VII-2."

61. Defendant IMO denies the allegations in "Cnt. VII-3.," including all of its subparts.

62. Defendant IMO denies the allegations in "Cnt. VII-4."

63. Defendant IMO denies the allegations in "Cnt. VII-5."

64. Defendant IMO denies the allegations in "Cnt. VII-6."

65. Defendant IMO denies the allegations in "Cnt. VII-7."

66. Defendant IMO denies the allegations in "Cnt. VII-8."

67. In response to "Cnt. VIII-1.", Defendant IMO re-asserts its responses to Paragraphs 1 through "Cnt.VII-8." set forth herein.

68. Defendant IMO denies the allegations in "Cnt. VIII-2."

69. Defendant IMO denies the allegations in "Cnt. VIII-3."

70. Defendant IMO denies the allegations in "Cnt. VIII-4.," including all of its subparts.

71. Defendant IMO denies the allegations in "Cnt. VIII-5."

72. Defendant IMO denies the allegations in "Cnt. VIII-6."

73. Defendant IMO denies the allegations in "Cnt. VIII-7."

74. Defendant IMO denies the allegations in "Cnt. VIII-8."

75. Defendant IMO denies the allegations in "Cnt. VIII-9."

76. Defendant IMO denies the allegations in "Cnt. VIII-10."

77. In response to "Cnt. IX-1.", Defendant IMO re-asserts its responses to Paragraphs 1 through "Cnt.VIII-10." set forth herein.

78. Defendant IMO denies the allegations in "Cnt. IX-2.," including all of its subparts.

79. Defendant IMO denies the allegations in "Cnt. IX-3."

80. Defendant IMO denies the allegations in "Cnt. IX-4."

81. Defendant IMO denies the allegations in "Cnt. IX-5."

82. Defendant IMO denies the allegations in "Cnt. IX-6."

83. Defendant IMO denies the allegations in "Cnt. IX-7.," including all of its subparts.

84. Defendant IMO denies the allegations in "Cnt. IX-8."

85. Defendant IMO denies the allegations in "Cnt. IX-9."

86. Defendant IMO denies the allegations in "Cnt. IX-10."

87. Defendant IMO denies the allegations in "Cnt. IX-11."

88. In response to "Cnt. X-1.", Defendant IMO re-asserts its responses to Paragraphs 1 through "Cnt.IX-11." set forth herein.

89. Defendant IMO denies the allegations in "Cnt. X-2."

90. Defendant IMO denies the allegations in "Cnt. X-3."

91. Defendant IMO denies the allegations in "Cnt. X-4.," including all of its subparts.

92. Defendant IMO denies the allegations in "Cnt. X-5."

93. Defendant IMO denies the allegations in "Cnt. X-6."

94. Defendant IMO denies the allegations in "Cnt. X-7."

95. Defendant IMO denies the allegations in "Cnt. X-8.," including all of its subparts.

96. Defendant IMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in "Cnt. X-9." through "Cnt. X-12.".

97. Defendant IMO denies the allegations in "Cnt. X-13."

98. In response to "Cnt. XI-1.", Defendant IMO re-asserts its responses to Paragraphs 1 through "Cnt.X-13." set forth herein.

99. Defendant IMO denies the allegations in "Cnt. XI-2."

100. Defendant IMO denies the allegations in "Cnt. XI-3."

101. Defendant IMO denies the allegations in "Cnt. XI-4.," including all of its subparts.

102. Defendant IMO denies the allegations in "Cnt. XI-5."

103. Defendant IMO denies the allegations in "Cnt. XI-6."

104. Defendant IMO denies the allegations in "Cnt. XI-7."

105. Defendant IMO denies the allegations in "Cnt. XI-8."

106. In response to Paragraph 31 [sic], Defendant IMO re-asserts its responses to Paragraphs 1 through "Cnt.XI-8." set forth herein.

107. Defendant IMO denies the allegations in Paragraph 32 [sic].

108. Defendant IMO denies the allegations in Paragraph 33, including all of its subparts.

109. Defendant IMO denies the allegations in Paragraph 34, including all of its subparts.

110. Defendant IMO denies the allegations in Paragraph 35.

111. In response to Paragraph 36, Defendant IMO re-asserts its responses to Paragraphs 1 through 35 set forth herein.

112. Defendant IMO denies the allegations in Paragraph 37, including all of its subparts.

113. In response to Paragraph 38, Defendant IMO re-asserts its responses to Paragraphs 1 through 37 set forth herein.

114. Defendant IMO denies the allegations in Paragraph 39.

115. In response to Paragraph 40, Defendant IMO re-asserts its responses to Paragraphs 1 through 39 set forth herein.

116. Defendant IMO denies the allegations in Paragraph 41.

117. Defendant IMO denies the allegations in Paragraph 42.

118. Defendant IMO denies the allegations in Paragraph 43.

119. Defendant IMO denies the allegations in Paragraph 44.

120. Defendant IMO denies the allegations in Paragraph 45.

121. Defendant IMO denies the allegations in the "Prayer" Paragraph.

122. Defendant IMO specifically denies any other allegations or statements set forth in Plaintiffs' First Amended Complaint which are not expressly admitted herein.

## II.
## AFFIRMATIVE DEFENSES

123. Plaintiff's First Amended Complaint fails to state a claim against Defendant IMO upon which relief can be granted.

124. Defendant IMO would show that claims in the First Amended Complaint are barred by statutes of limitation under TEX. CIV. PRAC. & REM. CODE §§ 16.001, *et seq*., and all other applicable statutes of limitations, including those of strict liability, breach of express or implied warranty, and those of appropriate state jurisdictions.

125. Defendant IMO would show that the Due Process Clause of the Fourteenth Amendment of the United States Constitution bars jurisdiction to proceed with this cause because the State of Texas lacks sufficient contacts with both the parties and the controversy to render an assertion of fair and reasonable jurisdiction

126. Defendant IMO would show that Plaintiff and/or the decedent on whose behalf the Plaintiff brings this cause of action is not entitled to recover for any alleged breach of express or implied warranty, as there are neither any express or implied warranties nor any privity of contract between IMO and Plaintiff and/or the decedent.

127. Defendant IMO would show that the Plaintiff and/or the decedent on whose behalf the Plaintiff brings this cause of action may have assumed the risk of any injuries or damages allegedly incurred as a result of exposure to products manufactured, sold, or distributed by IMO because the Decedent, or his employers, may have had equal or greater knowledge of the alleged hazards of exposure to asbestos. Additionally, IMO would show that the Plaintiff and/or the decedent on whose behalf the Plaintiff bring this cause of action may have used the product without showing proper regard for his/her own health and safety.

128. Defendant IMO would show that there could be no strict liability claim for any alleged exposure to toxic materials and substances occurring prior to June 7, 1967, because the Texas

Supreme Court did not adopt strict liability under Section 402A, RESTATEMENT (SECOND) OF TORTS, until then in *McKisson v. Sales*, 416 S.W.2d 787 (Tex. 1967).

129. Defendant IMO would show that Plaintiff should not recover exemplary damages because such an award, pursuant to either TEX. CIV. PRAC. & REM. CODE §§ 41.001, *et seq*., or common law, would: (1) violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution by failing to place a limit on the amount; (2) be void for vagueness and violative of the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution; or (3) violate Article 1, Sections 10 and 13 of the Constitution of the State of Texas.

130. Defendant IMO would show that an exemplary damages award requires proof by clear and convincing evidence to comport with the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Section 19 of the Constitution of the State of Texas, and the constitution and laws of any other applicable state.

131. Defendant IMO would show that TEX. CIV. PRAC. & REM. CODE § 41.008 limits exemplary damages to a maximum of two times economic damages plus an amount equal to any noneconomic damages found by a jury not to exceed $750,000, or $200,000.00, whichever is greater.

132. Defendant IMO would show that, if it manufactured, distributed, or sold any asbestos-containing products, any alleged exposure of the Plaintiff and/or the decedent on whose behalf the Plaintiff brings this cause of action to those products was *de minimis* and insufficient to establish to a reasonable degree of probability that they caused any alleged injury.

133. Defendant IMO would show that there should be no recovery against it because the superseding and intervening negligence of third parties caused Plaintiff's and/or the decedent's

alleged injuries, and this conduct, either by omission or commission, interrupted the natural and proximate causal relationship between any alleged act or omission of IMO and Plaintiff's and/or the decedent's alleged resulting injuries and damages.

134. Defendant IMO would show that there should be no recovery against it because Plaintiff and/or the decedent on whose behalf the Plaintiff brings this cause of action failed to mitigate any alleged damages.

135. Defendant IMO would show that the Workers' Compensation Act provides, as an exclusive remedy, compensation benefits for the disability of an employee if such disability resulted from an injury, or occupational disease, and was incurred, or sustained, in the course of employment. Moreover, IMO would further show that any alleged exposure of the Plaintiff and/or the decedent on whose behalf the Plaintiff brings this cause of action to any IMO products occurred during a period when an entity then subscribing to Workers' Compensation insurance employed the Plaintiff and/or the decedent on whose behalf the Plaintiff brings this cause of action. Thus, IMO would show that Workers' Compensation, with its attendant benefits, is the exclusive remedy for any alleged injury or occupational disease incurred.

136. Defendant IMO would show that, at all relevant times, its products complied with industry, federal, and state standards and regulations governing the manufacturing, sale, packaging, and distribution of such products.

137. Defendant IMO would show that any alleged absence of warning did not lead the Plaintiff and/or the decedent on whose behalf the Plaintiff brings this cause of action to rely on the safety of any product at issue.

138. Defendant IMO would show that recovery is barred because the Plaintiff's and/or the decedent's misuse, or improper use, of the products at issue was the sole cause of any alleged resulting injuries or damages or, alternatively, was the proximate or producing cause, or contributed to causing, Plaintiff's and/or the decedent's alleged injuries or damages.

139. Defendant IMO would show that Plaintiff's recovery is barred because Plaintiff's and/or the decedent's, on whose behalf the Plaintiff brings this cause of action, negligent conduct, or fault, was the sole cause of the alleged resulting injuries or damages.

140. Defendant IMO would show that Plaintiff's recovery is barred because the negligent conduct, or fault, of Plaintiff and/or the decedent on whose behalf the Plaintiff brings this cause of action was a proximate and producing cause of any injuries or damages, and also exceeded any negligence, or other fault, of IMO and other Defendants. Alternatively, IMO would show that the claims of Plaintiff are barred to the extent of the Plaintiff's and/or decedent's comparative negligence or fault. Moreover, IMO would show that Plaintiff's and/or decedent's negligence, whether it be the sole cause or a contributing cause, is a complete bar to recovery to the extent that any alleged exposure occurred prior to September 30, 1972.

141. Defendant IMO would show that other named Defendants caused any alleged injuries or damages sustained by Plaintiff and/or the decedent on whose behalf the Plaintiff brings this cause of action and IMO held no right of control over these Defendants.

142. Alternatively, Defendant IMO would show that it breached no duty because Plaintiff and/or the decedent on whose behalf the Plaintiff brings this cause of action, or their superiors, knew about any alleged risks associated with the products' use.

143. Alternatively, Defendant IMO would show that it breached no duty because Plaintiff's and/or the decedent's, on whose behalf the Plaintiff brings this cause of action, employers or supervisors knew about any alleged dangers of which Plaintiff now complains and IMO hereby asserts the defense of sophisticated user/learned intermediary.

144. Defendant IMO would show that any alleged injuries were either preexisting or not the result of contact with any products manufactured, sold, or distributed by IMO.

145. Defendant IMO would show there is no product liability claim from any alleged exposure under TEX. CIV. PRAC. & REM. CODE §§ 82.001, *et seq*.

146. Defendant IMO would show that there was no concert of action between it and any other named Defendants.

147. Defendant IMO would show that pursuant to Chapters 32 and 33 of the Texas Civil Practices and Remedies Code, and without accepting the truth of the pleadings and denying all liability, IMO reserves its right, if it is found to have any liability to Plaintiff, to a set-off, percentage, or *pro rata* reduction of any such liability, or to a credit for the amount of any settlement paid by each settling Defendants.

148. Alternatively, in the event it is not otherwise entitled to judgment as a matter of law, Defendant IMO invokes the apportionment of damages system adopted by the Texas Supreme Court in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex. 1984), and alleges that, if it is found to be liable for any portion of damages to Plaintiff, it is liable only for the percentage of damages for which it is found comparatively at fault.

149. Moreover, should this case be submitted to the jury, Defendant IMO alleges that it should be submitted in a manner that secures a determination as to the relative fault of the causation of

damages by Plaintiff and/or the decedent and by each of the parties hereto. Any judgment that is to be entered should be so limited.

150. Defendant IMO would show that any alleged defects in its products were beyond both the scientific and medical knowledge available at the time of manufacturing. IMO would also show that the then existing state-of-the-art prevented IMO from knowing of any such alleged defects.

151. Defendant IMO alleges that its products were at all times reasonably fit and suitable for the purposes for which they were sold, and denies that such products were in any way defective for such use. Thus, Plaintiff's alleged injuries did not result from a defect in any product manufactured, sold, or distributed by IMO and, if products were altered after leaving IMO's control, such changes were the legal cause of any damages.

152. Defendant IMO asserts that the acts and omissions of others, including but not limited to bankrupt entities, Plaintiff's and/or the decedent's employers, and Plaintiff's and/or the decedent's fellow workers were the sole cause of any injuries and damages of the Plaintiff, if any. This is pled in complete bar, and or mitigation of Plaintiff's claims.

153. Defendant IMO adopts all affirmative defenses pled by any other Defendants.

154. Defendant IMO reserves its right to amend its pleadings upon completion of discovery.

155. Defendant IMO reserves its right to amend and adopt all applicable defenses under the laws of any other state once Plaintiff's and/or the decedent's worksites involved in this action have been identified.

156. Defendant IMO hereby asserts the government contract defense as articulated in *Boyle v. United Technologies, Corp.*, 487 U.S. 500 (1988).

## III.
## CROSS-CLAIM

Imo Industries LLC, Defendant in the above-styled and numbered cause, acting as Cross-Plaintiff and for its cause of action against Cross-Defendants, would respectfully show the Court as follows:

1. Imo Industries LLC hereby asserts cross claims against all other party Defendants, parties who settled with Plaintiff but were not joined as Defendants, and all other parties hereafter joined as Defendants to this action.

2. This Cross-Claim is made subject to all defense heretofore pled by Imo Industries LLC, which denies all fault, liability and/or responsibility to Plaintiff for the occurrences made the basis of this lawsuit and of any alleged injuries and damages claimed by Plaintiff.

3. In the unlikely event it is determined that Imo Industries LLC is liable to Plaintiff, which is not admitted and is expressly denied, then Cross-Plaintiff is entitled to indemnity, or, in the alternative, contribution from Cross-Defendants.

## IV.
## ANSWER TO ALL CROSS-CLAIMS

4. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Imo Industries LLC, acting as Cross-Defendant, hereby enters a general denial against all cross-claims assert against it heretofore or hereafter in this action.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, Imo Industries LLC moves and prays the Court that upon trial hereof that Plaintiff recover nothing over and against it, and, in the alternative, in the event that Plaintiff recovers judgment against it, that it have and recover

judgment for contribution and/or indemnity against all Cross-Defendants, and for such other and further relief, either at law or in equity, special or general as to which it may show itself justly entitled.

Respectfully submitted,

**JONATHAN R. PRAZAK**

**LAW OFFICE OF JONATHAN R. PRAZAK, PLLC**
620 West 3rd Street, Ste. 404
Little Rock, Arkansas 72201
(501) 263-1800 (Telephone)
(479) 340-0041 (Facsimile)
jprazak@prazaklaw.com

By: /s/Jonathan R. Prazak
JONATHAN R. PRAZAK
Tex. Bar No. 24072288

**ATTORNEY FOR DEFENDANT IMO INDUSTRIES LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, was electronically filed with the Court and served through the CM-ECF system to All Counsel of Record registered to receive a Notice of Electronic Filing for this case on the 22nd day of July, 2025.

/s/ Jonathan Prazak
Jonathan Prazak