**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CONNIE SUE KOOG, Individually and as Personal Representative on Behalf of the Estate of ARTHUR KOOG and all Wrongful Death Beneficiaries,** *Plaintiff,* | § § § § § | **CIVIL ACTION NO. 4:25-cv-01879** |
| | § § | **ADMIRALTY CASE** |
| **v.** | § § | **JUDGE KEITH P. ELLISON** |
| | § | |
| **A.W. CHESTERTON COMPANY, ET AL.** *Defendants.* | § § | |

**DEFENDANT WILSON HANLEY, INC. F/K/A THOMAS C. WILSON, INC.'S, (INCORRECTLY NAMED AS WILSON HANLEY, INC. F/K/A THOMAS C. WILSON LLC) ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND TO ANY AND ALL CROSS-CLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Wilson Hanley, Inc f/k/a Thomas C. Wilson, Inc., (incorrectly named as Wilson Hanley, Inc. f/k/a Thomas C. Wilson, LLC), hereinafter "Defendant" or "Wilson Hanley" and by its undersigned counsel hereby files its Answer to Plaintiff's First Amended Complaint and to any and all Cross-Claims, respectfully showing unto the Court as follows:

## I.
## INTRODUCTION

1. Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiffs' First Amended Complaint and therefore denies the same.

2. Defendant admits the allegations in paragraph 2 of Plaintiff's First Amended Complaint.

## II.
## PARTIES

3. Defendant admits the allegations in paragraph 3 of Plaintiffs' First Amended Complaint.

4. Defendant denies the allegations contained in paragraph 4 of Plaintiff's First Amended Complaint to the extent the allegations pertain to Wilson Hanley. Defendant specifically denies its products contained asbestos at any time. Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiffs' First Amended Complaint as they pertain to other Defendants and denies the same.

5. The allegations in paragraph 5 of Plaintiff's First Amended Complaint constitute allegations concerning compliance with the Southern District of Texas Local Rule 53 to which no response is required. Insofar a response is required, Defendant is without information sufficient to form a belief as to the truth of the allegations therein and denies the same.

6. Defendant is without information sufficient to form a belief of the truth of the allegations contained in paragraph 6 of Plaintiff's First Amended Complaint set forth in subparagraphs Def 1.- Def 4. and denies the same.

7. Defendant is without information sufficient to form a belief of the truth of the allegations contained in paragraph 7 of Plaintiff's First Amended Complaint and denies the same.

8. Defendant is without information sufficient to form a belief of the truth of the allegations set forth in paragraph 8, subparagraphs Def 5. through Def 32. and Def 34. through Def 36. of Plaintiff's First Amended Complaint, and therefore denies the same. With respect to the allegations set forth in paragraph 8, subparagraph Def 33. of Plaintiff's First Amended Complaint, Defendant specifically denies the correct name of this Defendant is Thomas C. Wilson, LLC. The correct name of Defendant is Wilson Hanley, Inc. formerly known as Thomas C. Wilson, Inc. Defendant further specifically denies its products were "asbestos-containing." Defendant admits it is a citizen of New York. Defendant admits that "Wilson brand," is listed on pages 13, 36 and "Wilson make" products are listed on pages 29 and 91 in Exhibit 1 to Plaintiff's First Amended Complaint but

denies the allegations otherwise. Defendant further specifically denies its products were "asbestos-containing."

9. Defendant is without information sufficient to form a belief of the truth of the allegations set forth in paragraph 9, subparagraphs Def 37. through Def. 40. of Plaintiff's First Amended Complaint and therefore denies the same.

10. Defendant is without information sufficient to form a belief of the truth of the allegations set forth in paragraph 10 of Plaintiff's First Amended Complaint and therefore denies the same.

11. Defendant is without information sufficient to form a belief of the truth of the allegations set forth in paragraph 11, subparagraphs Def 41. through Def. 57. of Plaintiff's First Amended Complaint, and therefore denies the same.

12. Defendant is without information sufficient to form a belief of the truth of the allegations set forth in paragraph 12 of Plaintiff's First Amended Complaint and therefore denies the same.

13. Defendant is without information sufficient to form a belief of the truth of the allegations set forth in paragraph 13 regarding Def 58. of Plaintiff's First Amended Complaint, and therefore denies the same.

## III.
## JURISDICTION

14. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of Plaintiff's First Amended Complaint and therefore denies the same.

15. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of Plaintiff's First Amended Complaint and therefore denies the same.

16. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of Plaintiff's First Amended Complaint and therefore denies the same.

17. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of Plaintiff's First Amended Complaint and therefore denies the same.

18. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of Plaintiff's First Amended Complaint and therefore denies the same.

19. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of Plaintiff's First Amended Complaint and therefore denies the same.

20. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of Plaintiff's First Amended Complaint and therefore denies the same.

## IV. VENUE

21. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of Plaintiff's First Amended Complaint and therefore denies the same.

## V. BACKGROUND

22. Insofar the allegations set forth in paragraph 22 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

23. Insofar the allegations set forth in paragraph 23 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

24. Insofar the allegations set forth in paragraph 24 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to

form a belief as to the truth of the allegations set forth in paragraph 24 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

25. Insofar the allegations set forth in paragraph 25 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

26. Insofar the allegations set forth in paragraph 26 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

27. Insofar the allegations set forth in paragraph 27 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

28. Insofar the allegations set forth in paragraph 28 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

29. Insofar the allegations set forth in paragraph 29 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

30. Insofar the allegations set forth in paragraph 30 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to

form a belief as to the truth of the allegations set forth in paragraph 30 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

31. Insofar the allegations set forth in paragraph 31 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

32. Insofar the allegations set forth in paragraph 32 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## VI.
## COUNT I – STRICT LIABILITY – PRODUCT & EQUIPMENT DEFENDANTS

33. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph Cnt. I-1. Defendant denies it is a "product & equipment" Defendant as its products never contained asbestos.

34. Insofar the allegations set forth in paragraph Cnt. I-2 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. I-2 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

35. Insofar the allegations set forth in paragraph Cnt. I-3 and subparagraphs a-f of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt.

I-3 and subparagraphs a-f of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

36. Insofar the allegations set forth in paragraph Cnt. I-4 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. I-4 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

37. The allegations contained in paragraph Cnt. I-5 of Plaintiff's First Amended Complaint are assertions of the law, for which no response is required. To the extent they are deemed allegations of fact and pertain to Defendant, Defendant denies the same. Further, Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. I-5 of Plaintiff's First Amended Complaint as they pertain to other Defendants and to the extent they are deemed allegations of fact, Defendant therefore denies the same.

38. Insofar the allegations set forth in paragraph Cnt. I-6 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same and specifically denies that it is liable to Plaintiff for any damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. I-6 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## VII.
## COUNT II – NEGLIGENCE – ALL DEFENDANTS

39. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph Cnt. II-1.

40. Insofar the allegations set forth in paragraph Cnt. II-2 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-2 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

41. Insofar the allegations set forth in paragraph Cnt. II-3 and subparagraphs a-f of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-3 and subparagraphs a-f of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

42. Insofar the allegations set forth in paragraph Cnt. II-4 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-4 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

43. The allegations contained in paragraph Cnt. II-5 of Plaintiff's First Amended Complaint are assertions of the law, for which no response is required. To the extent they are deemed allegations of fact and pertain to Defendant, Defendant denies the same. Further, Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-5 of Plaintiff's First Amended Complaint as they pertain to other Defendants and to the extent they are deemed allegations of fact, Defendant therefore denies the same.

44. Insofar the allegations set forth in paragraph Cnt. II-6 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-6 of

Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

45. Insofar the allegations set forth in paragraph Cnt. II-7 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-7 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

46. Insofar the allegations set forth in paragraph Cnt. II-8 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-8 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

47. Insofar the allegations set forth in paragraph Cnt. II-9 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-9 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

48. Insofar the allegations set forth in paragraph Cnt. II-10 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-10 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

49. Insofar the allegations set forth in paragraph Cnt. II-11 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information

sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-11 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

50. Insofar the allegations set forth in paragraph Cnt. II-12 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-12 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

51. Insofar the allegations set forth in paragraph Cnt. II-13 and subparagraphs a-l of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-13 and subparagraphs a-l of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

52. Insofar the allegations set forth in paragraph Cnt. II-14 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-14 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

53. Insofar the allegations set forth in paragraph Cnt. II-15 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-15 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

54. Insofar the allegations set forth in paragraph Cnt. II-16 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-16 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

55. Insofar the allegations set forth in paragraph Cnt. II-17 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-17 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

56. Insofar the allegations set forth in paragraph Cnt. II-18 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-18 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

57. Insofar the allegations set forth in paragraph Cnt. II-19 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-19 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

58. Insofar the allegations set forth in paragraph Cnt. II-20 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-20 of

Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

59. Insofar the allegations set forth in paragraph Cnt. II-21 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same and specifically that it is liable to Plaintiff for any damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. II-21 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## VIII.
## COUNT III – ADDITIONAL NEGLIGENCE OF PREMISES DEFENDANTS

60. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph Cnt. III-1. Defendant specifically denies it is a "premises" Defendant.

61. Insofar the allegations set forth in paragraph Cnt. III-2 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. III-2 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

62. Insofar the allegations set forth in paragraph Cnt. III-3 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. III-3 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

63. Defendant denies the allegations set forth in paragraph Cnt. III-4 of Plaintiff's First Amended Complaint insofar as said allegations pertain to it. Defendant is without information

sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. III-3 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

**IX.**
**COUNT IV – ADDITIONAL NEGLIGENCE OF CONTRACTOR DEFENDANTS**

64. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph Cnt. IV-1. Defendant specifically denies it is a "contractor" Defendant.

65. Insofar the allegations set forth in paragraph Cnt. IV-2 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IV-2 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

66. Insofar the allegations set forth in paragraph Cnt. IV-3 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IV-3 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

67. Insofar the allegations set forth in paragraph Cnt. IV-4 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IV-4 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

68. Insofar the allegations set forth in paragraph Cnt. IV-5 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IV-5 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

69. Insofar the allegations set forth in paragraph Cnt. IV-6 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IV-6 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

70. Insofar the allegations set forth in paragraph Cnt. IV-7 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same and denies it is liable for Plaintiff's damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IV-2 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## IX.
## COUNT V– BREACH OF WARRANTY – PRODUCT & EQUIPMENT DEFENDANTS

71. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph Cnt. V-1. Defendant specifically denies its products contained asbestos at any time.

72. Insofar the allegations set forth in paragraph Cnt. V-2 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. V-2 of

Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

73. Insofar the allegations set forth in paragraph Cnt. V-3 and subparagraphs a-c of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. V-3 and subparagraphs a-c of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

74. Insofar the allegations set forth in paragraph Cnt. V-4 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. V-4 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

75. Insofar the allegations set forth in paragraph Cnt. V-5 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. V-5 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

76. The allegations contained in Cnt. V-6 of Plaintiff's First Amended Complaint are assertions of law, for which no response is required. To the extent they are deemed allegations of fact, and insofar the allegations set forth in paragraph Cnt. V-6 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. V-6 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

77. Insofar the allegations set forth in paragraph Cnt. V-7 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same and denies it is liable for Plaintiff's damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IV-2 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## X.
## COUNT VI – NEGLIGENT SUPPLY OF DANGEROUS CHATTEL – EMPLOYER & PREMISES DEFENDANTS

78. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph Cnt. VI-1. Defendant specifically denies it is an "employer and premises" Defendant.

79. Insofar the allegations set forth in paragraph Cnt. VI-2 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. V-2 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

80. Insofar the allegations set forth in paragraph Cnt. VI-3 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VI-3 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

81. Insofar the allegations set forth in paragraph Cnt. VI-4 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VI-4 of

Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

82. Insofar the allegations set forth in paragraph Cnt. VI-5 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VI-5 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

83. Insofar the allegations set forth in paragraph Cnt. VI-6 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VI-6 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

84. The allegations set forth in paragraph Cnt. VI-7 and subparagraphs i-iii of Plaintiff's First Amended Complaint are assertions of law for which no response is required. Insofar the allegations set forth in paragraph Cnt. VI-7 of Plaintiff's First Amended Complaint are deemed allegations of fact and pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VI-7 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

85. The allegations set forth in paragraph Cnt. VI-8 do not pertain to Defendant. Insofar the allegations set forth in paragraph Cnt. VI-8 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VI-8 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

86. The allegations set forth in paragraph Cnt. VI-9 do not pertain to Defendant. Insofar the allegations set forth in paragraph Cnt. VI-8 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VI-9 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

87. The allegations set forth in paragraph Cnt. VI-10 and subparagraphs i-iii of Plaintiff's First Amended Complaint are assertions of law for which no response is required. Insofar the allegations set forth in paragraph Cnt. VI-10 of Plaintiff's First Amended Complaint are deemed to pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VI-10 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

88. The allegations set forth in paragraph Cnt. VI-11 do not pertain to Defendant. Insofar the allegations set forth in paragraph Cnt. VI-11 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VI-11 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

89. Insofar the allegations set forth in paragraph Cnt. VI-12 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same and denies it is liable for Plaintiff's damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VI-12 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## XII.
## COUNT VII - FALSE REPRESENTATION/MISREPRESENTATION/FRAUD - ALL DEFENDANTS

90. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph Cnt. VII-1.

91. Insofar the allegations set forth in paragraph Cnt. VII-2 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VII-2 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

92. Insofar the allegations set forth in paragraph Cnt. VII-3 and subparagraphs a-e of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VII-3 and subparagraphs a-e of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

93. Insofar the allegations set forth in paragraph Cnt. VII-4 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VII-4 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

94. Insofar the allegations set forth in paragraph Cnt. VII-5 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VII-5 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

95. Insofar the allegations set forth in paragraph Cnt. VII-6 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VII-6 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

96. Insofar the allegations set forth in paragraph Cnt. VII-7 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VII-7 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

97. Insofar the allegations set forth in paragraph Cnt. VII-8 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same and denies it is liable for Plaintiff's damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VII-8 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## XIII.
## COUNT VIII - FAILURE TO WARN — ALL DEFENDANTS

98. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph Cnt. VIII-1.

99. Insofar the allegations set forth in paragraph Cnt. VIII-2 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VIII-2 of

Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

100. Insofar the allegations set forth in paragraph Cnt. VIII-3 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VIII-3 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

101. Insofar the allegations set forth in paragraph Cnt. VIII-4 and subparagraphs a-n of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VIII-4 and subparagraphs a-n of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

102. Insofar the allegations set forth in paragraph Cnt. VIII-5 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VIII-5 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

103. Insofar the allegations set forth in paragraph Cnt. VIII-6 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VIII-6 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

104. Insofar the allegations set forth in paragraph Cnt. VIII-7 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information

sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VIII-7 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

105. Insofar the allegations set forth in paragraph Cnt. VIII-8 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VIII-8 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

106. Insofar the allegations set forth in paragraph Cnt. VIII-9 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VIII-7 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

107. Insofar the allegations set forth in paragraph Cnt. VII-8 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same and denies it is liable for Plaintiff's damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VII-8 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## XIV.
## COUNT IX – FAILURETO WARN - EQUIPMENT DEFENDANTS

108. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph Cnt. IX-1.

109. Insofar the allegations set forth in paragraph Cnt. IX-2 and subparagraphs (1) – (3) of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IX-2 and subparagraphs (1) – (3) of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

110. Insofar the allegations set forth in paragraph Cnt. IX-3 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IX-3 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

111. Insofar the allegations set forth in paragraph Cnt. IX-3 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IX-3 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

112. Insofar the allegations set forth in paragraph Cnt. IX-4 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IX-4 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

113. The allegations set forth in paragraph Cnt. IX – 5 of Plaintiff's First Amended Complaint are assertions of law for which no response is required. Insofar the allegations set forth in paragraph Cnt. IX - 4 of Plaintiff's First Amended Complaint are deemed to pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the

truth of the allegations set forth in paragraph Cnt. IX-6 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

114. Insofar the allegations set forth in paragraph Cnt. IX-7 and subparagraphs a-n of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IX-7 and subparagraphs a-n of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

115. Insofar the allegations set forth in paragraph Cnt. IX-8 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IX-8 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

116. Insofar the allegations set forth in paragraph Cnt. IX-9 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IX-9 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

117. Insofar the allegations set forth in paragraph Cnt. IX-10 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. IX-10 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

118. Insofar the allegations set forth in paragraph Cnt. IX-11 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same and denies it is liable for Plaintiff's

damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VII-11 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## XV.
## COUNT X — CONSPIRACY — ALL DEFENDANTS

119. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph Cnt. XV-1.

120. Insofar the allegations set forth in paragraph Cnt. XV-2 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XV-2 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

121. Insofar the allegations set forth in paragraph Cnt. XV-3 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XV-3 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

122. Insofar the allegations set forth in paragraph Cnt. XV-4 and subparagraphs a-c of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XV-4 and subparagraphs a-c of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

123. Insofar the allegations set forth in paragraph Cnt. XV-5 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XV-5 and subparagraphs a-c of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

124. Insofar the allegations set forth in paragraph Cnt. XV-6 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XV-6 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

125. Insofar the allegations set forth in paragraph Cnt. XV-7 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XV-7 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

126. The allegations set forth in paragraph Cnt. XV-8 and subparagraphs a-b of Plaintiff's First Amended Complaint do not pertain to Defendant. Insofar as the allegations set forth in paragraph Cnt. XV-8 and subparagraphs a-b of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XV-8 and subparagraphs a-b of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

127. The allegations set forth in paragraph Cnt. XV-9 of Plaintiff's First Amended Complaint do not pertain to Defendant. Insofar as the allegations set forth in paragraph Cnt. XV-9 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant

is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XV-9 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

128. The allegations set forth in paragraph Cnt. XV-10 of Plaintiff's First Amended Complaint do not pertain to Defendant. Insofar as the allegations set forth in paragraph Cnt. XV-10 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XV-10 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

129. The allegations set forth in paragraph Cnt. XV-11 of Plaintiff's First Amended Complaint do not pertain to Defendant. Insofar as the allegations set forth in paragraph Cnt. XV-11 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XV-11 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

130. The allegations set forth in paragraph Cnt. XV-12 of Plaintiff's First Amended Complaint do not pertain to Defendant. Insofar as the allegations set forth in paragraph Cnt. XV-12 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XV-12 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

131. The allegations set forth in paragraph Cnt. XV-13 of Plaintiff's First Amended Complaint do not pertain to Defendant. Insofar as the allegations set forth in paragraph Cnt. XV-13 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant

is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XV-13 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## XVI.
## COUNT XI - GROSS NEGLIGENCE: WILLFUL, WANTON AND RECKLESS CONDUCT -ALL DEFENDANTS

132. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph Cnt. XVI-1.

133. Insofar the allegations set forth in paragraph Cnt. XVI-2 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XVI-2 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

134. Insofar the allegations set forth in paragraph Cnt. XVI-3 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XVI-3 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

135. Insofar the allegations set forth in paragraph Cnt. XVI-4 and subparagraphs a-l of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XVI-4 and subparagraphs a-l of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

136. Insofar the allegations set forth in paragraph Cnt. XVI-5 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XVI-5 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

137. Insofar the allegations set forth in paragraph Cnt. XVI-6 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XVI-6 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies same.

138. Insofar the allegations set forth in paragraph Cnt. XVI-7 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. XVI-7 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

139. Insofar the allegations set forth in paragraph Cnt. IX-11 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies the same and denies it is liable for Plaintiff's damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph Cnt. VII-11 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## XVII.
## DAMAGES

140. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph 31.

141. Insofar the allegations set forth in paragraph 32 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies it is liable to Plaintiff for damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

142. Insofar the allegations set forth in paragraph 33 and subparagraphs a-k of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies it is liable to Plaintiff for damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and subparagraphs a-k of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

143. The allegations set forth in paragraph 34 and subparagraphs a-b of Plaintiff's First Amended Complaint are assertions of law for which no response is required. Insofar the allegations set forth in paragraph 34 and subparagraphs a-b of Plaintiff's First Amended Complaint are deemed to pertain to Defendant, Defendant denies the same and denies it is liable to Plaintiff for damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and subparagraphs a-b of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

144. The allegations set forth in paragraph 35 of Plaintiff's First Amended Complaint are assertions of law for which no response is required. Insofar the allegations set forth in paragraph 35 of Plaintiff's First Amended Complaint are deemed to pertain to Defendant, Defendant denies the same and denies it is liable to Plaintiff for any damages. Defendant is without information

sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 and subparagraphs a-b of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## XVIII.
## WRONGFUL DEATH & SURVIVAL DAMAGES

145. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph 36.

146. Insofar the allegations set forth in paragraph 37 and subparagraphs a-k of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies it is liable to Plaintiff for damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 and subparagraphs a-k of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## XIX.
## DAMAGES FOR LOSS OF CONSORTIUM

147. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph 38.

148. Insofar the allegations set forth in paragraph 39 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies it is liable to Plaintiff for damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

## XX.
## PUNITIVE DAMANGES

149. Defendant reasserts and incorporates by reference its responses to the preceding paragraphs of Plaintiff's First Amended Complaint as if set forth fully herein in response to the allegations contained in paragraph 40.

150. Insofar the allegations set forth in paragraph 41 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies it is liable to Plaintiff for damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

151. Insofar the allegations set forth in paragraph 42 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies it is liable to Plaintiff for damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

152. Insofar the allegations set forth in paragraph 43 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies it is liable to Plaintiff for damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

153. The allegations set forth in paragraph 44 of Plaintiff's First Amended Complaint are assertions of law for which no response is required. Insofar the allegations set forth in paragraph 44 of Plaintiff's First Amended Complaint are deemed to pertain to Defendant, Defendant denies the same and denies it is liable to Plaintiff for damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 and subparagraphs a-b

of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

154. Insofar the allegations set forth in paragraph 45 of Plaintiff's First Amended Complaint pertain to Defendant, Defendant denies it is liable to Plaintiff for damages. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of Plaintiff's First Amended Complaint as they pertain to other Defendants and therefore denies the same.

155. Defendant acknowledges Plaintiff's request for a jury trial. Defendant also requests a trial by jury.

156. All allegations not specifically admitted above are hereby denied.

## **AFFIRMATIVE DEFENSES**

157. Further answering, Defendant Wilson Hanley avers as follows:

158. Defendant at all times acted with due care, is free of any and all negligence and at all times complied with all applicable laws, regulations and standards.

159. Defendant is not liable in strict liability and further denies any breach of any alleged warranties, either expressed or implied.

160. Defendant would show that Plaintiff's Decedent's alleged injuries and illnesses were due in whole or in part to causes other than exposure to asbestos.

161. Defendant did not owe a duty to Plaintiff . Pleading n the alternative, if any duty was owed, any such duty was not breached by Defendant.

162. .

163. Defendant specifically denies the allegations contained in Plaintiff's First Amended Complaint as they relate to this Defendant and would show that Plaintiff's Decedent was never exposed to any asbestos-containing products manufactured, sold or distributed by Defendant that

could have been a proximate cause of Plaintiff's Decedent's alleged injuries and illnesses as Defendant's products have never contained asbestos nor were any component parts of Defendant's products asbestos-containing.

164. Plaintiff fails to state a claim against Defendant upon which relief can be granted including but not limited to the reason that if relief were granted in the absence of product identification it would contravene Defendant's constitutional right to substantive due process of law and equal protection as preserved by the Fourteenth Amendment to the United States Constitution.

165. In the alternative, Defendant would show that Plaintiff's Decedent suffered from conditions and injuries sustained elsewhere, prior to or subsequent to the events alleged in Plaintiff's First Amended Complaint. Plaintiff's Decedent's disabilities, if any, were caused or aggravated by smoking, or some other medical cause unrelated to exposure to any product manufactured or sold by Defendant.

166. Pleading further and, in the alternative, Defendant would show that if Plaintiff's Decedent sustained any injuries or damages, which Defendant expressly denies, such injuries or damages were caused by exposure to products of the other Defendants named herein, and not by exposure to any products manufactured, distributed, or sold by Defendant.

167. Plaintiff's Decedent's acts or omissions of contributory and comparative negligence or other forms of fault or comparative responsibility, each of which, separately or concurrently, were the sole proximate cause, or, alternatively, a proximate cause of Plaintiff's Decedent's alleged illnesses or injuries so that Plaintiff's claims are barred and/or Plaintiff's claims for recovery should be reduced as set forth in Chapter 33 of the Texas Civil Practice and Remedies Code.

168. Defendant would further show that the acts or omissions of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the acts or omissions of Defendant, if any, and the occurrences in question, and thereby became the sole cause

of such occurrences.

169. Defendant would further show that Plaintiff's Decedent failed to mitigate, which a person of ordinary prudence would have done under the same or similar circumstances, the alleged damages, if any, which may have resulted from the occurrences made the basis of this lawsuit.

170. Plaintiff is barred from recovery herein by the applicable statutes of limitations, including, but not limited to, the Two-Year and Four-Year Texas Statutes of Limitations and doctrine of laches. In addition, if the Plaintiff alleges an injury occurring in any other State of the United States besides Texas, then Defendant pleads any and all of the statutes of limitations of the respective states where the alleged cause of action arose.

171. In the alternative, without waiving the foregoing, Defendant would show that Plaintiff's alleged causes of action are barred by the applicable statutes of repose. See Tex. Civ. Prac. & Rem. Code § 16.008, 16.009.

172. In the alternative, the Defendant would show that Plaintiff could have no claim based upon strict liability in tort for any alleged exposure to the Defendant's products prior to June 7, 1967, when the Texas Supreme Court first adopted the rules of strict liability set forth in RESTATEMENT (SECOND) OF TORTS 402A. Until this time, when the Supreme Court decided in *McKisson v. Sales Affiliates, Inc*., 416 S.W.2d 787 (Tex. 1967), the doctrine of strict liability had not applied to manufacturers or sellers of non-food products. All claims asserted by Plaintiff, or any other party herein, for recovery based upon strict liability for exposure prior to June 7, 1967, should therefore be stricken and denied. Further, the application of strict liability on a retroactive basis would be violative of Article I, § 16, of the Texas Constitution.

173. In the alternative, Defendant would further show that if any product allegedly manufactured or distributed by the Defendant was defective in any way, which is not admitted but is specifically denied, then any such defect arose after such product left the possession of the

Defendant and that said product or products were materially altered, modified, or changed, as those terms are known in the law of products liability, by third persons or instrumentalities who were not in any manner connected with or controlled by Defendant prior to use by Plaintiff's Decedent, and that such alteration was a proximate cause of any injuries or damages alleged by Plaintiff. Any alleged defects were caused by Plaintiff's Decedent, their employers, or third parties or instrumentalities over whom the Defendant had no control.

174. Defendant denies that it owed any duty or warranty to Plaintiff's Decedent and denies any fault or breach of warranty. Defendant would affirmatively show that any products manufactured, distributed or sold by Defendant were always reasonably fit and suitable for the purpose for which they were manufactured, distributed and sold, and that Plaintiff's Decedent's alleged injuries did not result from any defect in said product or products.

175. In the alternative, if such be necessary and subject to the foregoing pleas and without waiving same, Defendant would show the Court that this Defendant is not liable to Plaintiff under any alleged obligations under the Texas Business and Commerce Code for breach of express or implied warranty, if any, since Plaintiff has not fulfilled all conditions precedent to the alleged liability on any warranty theory in that Plaintiff has not provided this Defendant with written notice of claims pursuant to section 2.607 of the Texas Business and Commerce Code. Pursuant to Chapters 32 and 33, Texas Civil Practice and Remedies Code, if Defendant is found to have any liability to the Plaintiff, which is specifically denied, Defendant is entitled to a set-off, percentage or pro rata reduction of its liability to the Plaintiff or to a credit for the amount of any settlement paid by each settling Defendant and/or to indemnity or contribution from each of the other Defendants.

176. Defendant would show that the alleged products it supplied to Plaintiff's Decedent or to Plaintiff's Decedent's employers, if any, did not contain asbestos and otherwise complied in all

respects with the standards, rules, and regulations promulgated by the Occupational Safety and Health Administration (OSHA), the National Institute of Occupational Safety and Health (NIOSH), and the Bureau of Mines. Any products Defendant supplied to Plaintiff's Decedent's, or Plaintiff's Decedent's employers, if any, were specifically approved by the aforementioned governmental agencies for use, and such products represent the "state of the art." Further, any claim in state Court would be subject to federal preemption due to the aforementioned governmental agencies' involvement.

177. Defendant alleges that Plaintiff's Decedent's employers, by virtue of the notice given in publications of the Federal Register and otherwise, had notice of dangers Plaintiff's Decedent complains of and were obligated under federal law to eliminate any such dangers.

178. Plaintiff is barred from recovery because Plaintiff's Decedent misused or improperly used the material in question which was the sole cause of any resulting damages alleged; or, alternatively, which thereby proximately caused or contributed to cause any resulting damages alleged.

179. Pleading in the alternative, Defendant would show that the employers or supervisors of Plaintiff's Decedent had notice and knowledge of any dangers about which Plaintiff's Decedent complains, and this Defendant, therefore, breached no duty owed to Plaintiff. Defendant alleges that Plaintiff's Decedent's employers knew, or should have known, of any risks Plaintiff's Decedent was exposed to in the workplace and were negligent by, including, but not limited to, failing to reduce the release of dust; failing to warn Plaintiff's Decedent of any alleged exposure; failing to provide proper training and equipment; and/or failing to provide a safe work environment. Such actions were a new, intervening and/or superseding cause. This new intervening and/or superseding conduct was the proximate and/or producing cause of any alleged injury, damage or loss to Plaintiff, and, therefore, precludes Plaintiff from obtaining recovery in whole, or

alternatively in part, from Defendant.

180. Defendant alleges that Plaintiff's Decedent's employers knew, or should have known, of any risks Plaintiff's Decedent was exposed to in the workplace and were negligent by, including, but not limited to, failing to reduce the release of dust; failing to warn Plaintiff's Decedent of any alleged exposure; failing to provide proper training and equipment; and/or failing to provide a safe work environment. Such actions were a new, intervening and/or superseding cause. This new intervening and/or superseding conduct was the proximate and/or producing cause of any alleged injury, damage or loss to Plaintiff, and, therefore, precludes Plaintiff from obtaining recovery in whole, or alternatively in part, from Defendant. Defendant alleges that Plaintiff's employers had knowledge of the risks in Plaintiff's Decedent's workplace. Plaintiff's Decedent's employers were informed intermediaries and sophisticated users of Defendant's products. Plaintiff's Decedent's employers were in a superior position to eliminate any hazards of which Plaintiff's Decedent complains related to the use of any of Defendant's products.

181. Defendant alleges that Plaintiff's employers had knowledge of the risks in Plaintiff's Decedent's workplace. Plaintiff's Decedent's employers were informed intermediaries and sophisticated users of Defendant's products. Plaintiff's Decedent's employers were in a superior position to eliminate any hazards of which Plaintiff's Decedent complains related to the use of any of Defendant's products.

182. If Plaintiff's Decedent sustained any injuries, said occurrence and injuries were suffered in the course of his employment, and are the fault of his employers, over whom this Defendant has no control. Alternatively, the sole cause of the alleged occurrence and damages, if any, was the negligence of his employers.

183. The products complained of as being manufactured, distributed or sold by Defendant were manufactured, distributed, and sold for use in a limited market to a limited number of purchasers

for use by a limited class of workmen, all of whom held themselves out as having special knowledge and expertise in the handling and use of the products. The purchasers of Defendant's products are experienced members of that limited class of skilled and knowledgeable entities or individuals with special knowledge and expertise concerning the danger of the operations in which Defendant's products are used, and this Defendant was entitled to rely upon such specialized knowledge and expertise.

184. Defendant alleges that it had no duty or responsibility regarding the manner, method or means for performing Plaintiff's Decedent's work. There was no relationship between Plaintiff's Decedent and Defendant which created any duty on the part of Defendant regarding the manner and method or the conditions under which Plaintiff's Decedent performed the work. Defendant had no right to control the manner or method in which the work was performed or the conditions under which it was performed.

185. In the alternative, Defendant would show that there is and was no legal liability on the part of the Defendant, since the alleged occurrences and the alleged injuries or damages, if any, were brought about by or caused by transitory conditions arising in the course of work that Plaintiff's Decedent was doing and ordinarily incident thereto, and since Plaintiff's Decedent and his employers were using their own manner, method and means of doing their work, the Defendant owed no duty to Plaintiff's Decedent with respect thereto.

186. Defendant states that no party is entitled to recover punitive damages or exemplary damages in any form or fashion in this cause of action, in that it would violate the Defendant's rights under the Constitution of the United States and the Constitution of the State of Texas in the following:

(i) The contracts Clause of Article I, Section 10 of the United States Constitution is violated because any party's claim of punitive damages is an attempt to impose punitive damages

through retrospective application of new judge-made substantive rules. Due process requires fair notice of the type of conduct that will subject a person or entity to monetary punishment, and fair notice of a range of any monetary punishment that may be imposed for deviation from the standard. Due process prohibits punishment for violation of unsettled standards and standards not judicially established until the conduct complained of has taken place.

(ii) Defendant further affirmatively pleads that this court does not have jurisdiction or authority to award punitive damages for any alleged act or omission which occurred outside the State of Texas. Defendant further affirmatively pleads that pursuant to the doctrine of *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), no state has the power to project its practices and policies upon any other sister state; therefore, the court sitting in the State of Texas lacks the authority or jurisdiction to award punitive damages for alleged acts or omissions, whether the result of intentional misconduct or negligence, which occurred outside the State of Texas. Any such award of punitive damages would be grossly excessive, unconstitutional and in violation of the due process clause of the U.S. Constitution.

(iii) Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least a clear and convincing standard of proof. Lack of a sufficient standard governing punitive damages in Texas violates the due process clause of the Constitution of the United States.

(iv) The assessment of punitive damages, a remedy that is essentially criminal in nature, without safeguards greater than those afforded by Texas procedural and statutory law,

constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and of Article I, Section 19 of the Constitution of the State of Texas.

(v) Punitive damages under Texas procedural and statutory law constitute an excessive fine in violation of the Eighth Amendment of the Constitution of the United States, and of Article I, Section 19 of the Constitution of the State of Texas.

(vi) Punitive damages under Texas procedural and statutory law violate and are not in accord with those standards set forth by the United States Supreme Court in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

(vii) Punitive damages under Texas law are a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and of Article I, Section 19 of the Constitution of the State of Texas.

187. Pleading further in the alternative, Defendant alleges that it is not responsible for any injury or occurrence caused in whole or in part by the negligence of Plaintiff's Decedent's employers, under circumstances where Defendant is not allowed recourse against those employers, because such would constitute an application of Defendant's property to public use without adequate compensation being made in violation of Article I, Section 17 of the Texas Constitution. The imposition of such responsibility would constitute a taking of private property, for public use, without just compensation in violation of the Fifth Amendment to the United States Constitution.

188. Defendant alleges that any award of prejudgment interest for damages which have not yet accrued would violate Defendant's rights to: (a) substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 14, 16 and 19 of the Texas Constitution; and (b) equal protection of the laws under the Fourteenth

Amendment to the United States Constitution and under Article I, Section 3 of the Texas Constitution.

189. In the alternative, Defendant pleads and invokes the standards of recovery and limitations on the amount of recovery for punitive or exemplary damages as set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

190. Plaintiff is barred in whole or in part from recovery to the extent any products to which Plaintiff's Decedent was allegedly exposed were produced in accordance with specifications and/or regulations of the United States Government, and Defendant claims the benefit of the Government Contractor Defense announced in *Boyle v. United Technologies Corp*., 487 U.S. 500 (1988).

191. Defendant had no duty to warn of any asbestos hazards. Defendant demands strict proof of a specific "dose" of asbestos to which Plaintiff's Decedent was allegedly exposed from Defendant's products and proof that any such "dose" was a significant contributing factor to any complained of disease.

192. Alternatively, or in addition, if Plaintiff's Decedent was in fact exposed to Defendant's products, said products did not contain asbestos nor did any component part require asbestos-containing products. Any exposure to Defendant's products, if at all, such exposure was de minimis in nature or nonexistent, and the purported illness or injury, if any, of Plaintiff's Decedent was not caused by contact with or use of this Defendant's products or materials. As such, there is no "causation" (producing or proximate) as it relates to any such exposure and Plaintiff's Decedent's alleged injury or illness.

193. Plaintiff has the burden of forwarding evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the Plaintiff's Decedent actually worked. *Borg-Warner Corp. v. Flores*, 232 S.W. 3d 765 (Tex. 2007) citing *Lohrmann v. Pittsburg Corning Corp.*, 782 F.2d 1156 (4th Cir. 1986). Furthermore, the Borg-Warner decision requires that,

in addition to a "regularity, proximity, and frequency" test, Plaintiff must establish that asbestos in a particular Defendant's product was a substantial contributing factor in bringing about the Plaintiff's Decedent's injuries.

188. Plaintiff is barred from recovery because of the doctrines of *volenti non injuria* and assumption of the risk.

194. Plaintiff's claims fail to state a claim upon which relief can be granted to the extent that Defendant is alleged to be liable for failing to warn about the dangers of any asbestos product or material which Defendant did not manufacture, sell, distribute, or otherwise place in the stream of commerce, even where it is alleged that such defective product was used in conjunction with or applied to Defendant's own product.

189. Defendant specifically invokes all state-of-the-art defenses applicable to the industry in general, medicine and medical science, and all others, alleging that Defendant discharged, according to law and due care, each and every duty which it may have owed.

190. Plaintiff fails to plead fraud with sufficient particularity.

191. Defendant denies any liability of any sort or nature to any party to this litigation.

192. Plaintiff's claims are prescribed or otherwise barred by the passage of time, res judicata, estoppel, laches and/or waiver.

193. To the extent Plaintiff's Decedent was allegedly exposed to products sold, supplied or distributed by Defendant for a government contract, the government had a contractual right to specify how the contract would be complied with, the government exercised that right and Defendant complied with those specifications; and therefore, Defendant specifically asserts the "government contractor defense."

194. Defendant respectfully pleads any and all other defenses and/or affirmative defenses available to it under applicable law and respectfully reserves the right to supplement and/or amend

its answer as may hereafter be appropriate.

195. Defendant denies all paragraphs wherein it is alleged or implied that Defendant ever manufactured any asbestos containing products.

196. Defendant would show that any alleged absence of warning did not lead Plaintiff's Decedent to rely on the safety of any product at issue.

197. Defendant pleads that Plaintiff, third parties, and/or other circumstances over whom/which Defendant had no control, failed to use that degree of care and caution as would have been used by a reasonably prudent person under the same or similar circumstances, thereby producing or proximately causing or contributing to Plaintiff's damages or injuries, if any. Such acts or omissions of Plaintiff and/or third parties or other then-existing circumstances were the proximate cause, producing cause, sole proximate cause, or sole producing cause of the incident in question and the alleged resulting injuries or damages.

198. Defendant reserves the right to assert cross-claims against all party Defendants, parties who have settled with Plaintiff but were not joined as Defendants, and all other parties hereafter joined as Defendants to this action.

199. Defendant reserves its right to amend its pleadings upon completion of discovery.

## ANSWER TO ALL CROSS-CLAIMS

200. Defendant specifically denies all allegations contained in any and all Cross-Claims that have been asserted or that may be asserted against Wilson Hanley in the future by any other Defendants in this action and further specifically denies that it has any liability, including without limitation any liability for contribution and/or indemnification to any parties in this action.

## REQUEST FOR BIFURCATED TRIAL

201. Defendant requests that the issues regarding exemplary damages be bifurcated and that a separate trial be had upon such issues.

## JURY DEMAND

202. Defendant hereby requests a trial by jury.

## PRAYER

**WHEREFORE**, Defendant prays that this Answer be deemed good and sufficient, and that after due proceedings are had, there be judgment rendered in favor of Defendant Wilson Hanley, Inc f/k/a Thomas C. Wilson, Inc., (incorrectly named as Wilson Hanley, Inc. f/k/a Thomas C. Wilson, LLC) and against Plaintiff, and for such other and further relief, either at law or in equity, special or general, to which it may show itself justly entitled.

Dated: October ___, 2025

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By:**/s/ JEFFREY P. FULTZ__________________**

JEFFREY P. FULTZ
Texas State Bar No.: 00790728
S.D. Tex. Bar No.: 18119
DAVID W. BURNS
Texas State Bar No.: 00785735
S.D. Tex. Bar No.: 16985
HEIDI L. WILLIAMS
Texas Bar No. 24067937
S.D. Tex. Bar No.: 3322276
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
Email: jfultz@Thompsoncoe.com
Email: dburns@Thompsoncoe.com
Email: hwilliams@Thompsoncoe.com

**ATTORNEYS FOR DEFENDANT WILSON HANLEY, INC. F/K/A THOMAS C. WILSON, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on October 27, 2025.

**/s/ JEFFREY P. FULTZ**