**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CONNIE SUE KOOG, Individually and as Personal Representative on Behalf of the Estate of ARTHUR KOOG and all Wrongful Death Beneficiaries, | § § § § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:25-CV-1879 |
| A.W. CHESTERTON COMPANY, et al., | § § | |
| Defendants. | § | |

**ANSWER AND DEFENSES OF ARMSTRONG INTERNATIONAL TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND TO CROSS-CLAIMS OF ANY AND ALL OTHER DEFENDANTS AND THIRD-PARTY DEFENDANTS**

Comes now Armstrong International, Inc. ("Armstrong"), one of the Defendants in the above-styled and numbered cause, by and through counsel, and answers the Plaintiff's Second Amended Complaint ("Second Amended Complaint") and each and every Cross-Claim filed hereafter by any Defendant or Third-Party Defendant as follows:

1. Armstrong reasserts and incorporates by reference its responses including all affirmative defenses contained in its Answer to Plaintiff's Original Petition ("Original Complaint") and Answer to Plaintiff's First Amended Complaint ("FAC"), inclusive, as though fully set forth herein in response to the allegations contained in the Second Amended Complaint.

**As to "I. INTRODUCTION"**

2. Armstrong denies the allegations contained in paragraph 1 of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Second Amended Complaint to the extent said allegations relate to others.

3. The allegations contained in paragraph 2 of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

4. The allegations contained in paragraph "2nd AC Para. 1" of the Second Amended complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

**As to "II. PARTIES"**

5. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Amended Complaint.

6. Armstrong denies the allegations contained in paragraph 4 of the Second Amended Complaint, including all of its subparts, insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Amended Complaint, including all of its subparts, to the extent said allegations relate to others.

7. The allegations contained in paragraph 5 of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

8. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Second Amended Complaint, including all of its subparts.

9. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Second Amended Complaint.

10. Armstrong admits that it answered Plaintiff's State Court Filing and has made an appearance in this case. Armstrong further admits that it is incorporated under the laws of the State of Delaware with its principal place of business in the State of Michigan. Armstrong denies all other allegations contained in paragraph 8 of the Second Amended Complaint, including all of its subparts, insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Second Amended Complaint, including all of its subparts, to the extent said allegations relate to others.

11. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Second Amended Complaint, including all of its subparts.

12. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint.

13. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Amended Complaint, including all of its subparts.

14. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint.

15. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Second Amended Complaint.

**As to "III. JURISDICTION"**

16. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Second Amended Complaint. Armstrong denies the allegations contained in paragraph 14 of the Second Amended Complaint.

17. The allegations contained in paragraph 15 of the Second Amended Complaint are conclusions of law, for which no response is required.

18. The allegations contained in paragraph 16 of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

19. The allegations contained in paragraph 17 of the Second Amended Complaint are conclusions of law, for which no response is required.

20. The allegations contained in paragraph 18 of the Second Amended Complaint are conclusions of law, for which no response is required.

21. The allegations contained in paragraph 19 of the Second Amended Complaint are conclusions of law, for which no response is required.

22. Armstrong denies the allegations contained in paragraph 20 of the Second Amended Complaint.

**As to "IV. VENUE"**

23. The allegations contained in paragraph 21 of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

**As to "V. BACKGROUND"**

24. Armstrong denies the allegations contained in paragraph 22 of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Second Amended Complaint to the extent said allegations relate to others.

25. Armstrong denies the allegations contained in paragraph 23 of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Second Amended Complaint to the extent said allegations relate to others.

26. Armstrong denies the allegations contained in paragraph 24 of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Second Amended Complaint to the extent said allegations relate to others.

27. Armstrong denies the allegations contained in paragraph 25 of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Second Amended Complaint to the extent said allegations relate to others.

28. Armstrong denies the allegations contained in paragraph 26 of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Second Amended Complaint to the extent said allegations relate to others.

29. Armstrong denies the allegations contained in paragraph 27 of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint to the extent said allegations relate to others.

30. Armstrong denies the allegations contained in paragraph 28 of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Second Amended Complaint to the extent said allegations relate to others.

31. Armstrong denies the allegations contained in paragraph 29 of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Second Amended Complaint to the extent said allegations relate to others.

32. Armstrong denies the allegations contained in paragraph 30 of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Second Amended Complaint to the extent said allegations relate to others.

33. Armstrong denies the allegations contained in paragraph 31 of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Second Amended Complaint to the extent said allegations relate to others.

34. Armstrong denies the allegations contained in paragraph 32 of the Second Amended Complaint, including all of its subparts, insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Second Amended Complaint, including all of its subparts, to the extent said allegations relate to others.

**As to "VI. COUNT I – STRICT LIABILITY – PRODUCT & EQUIPMENT DEFENDANTS"**

35. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth

herein in response to the allegations contained in paragraph "Cnt. I – 1" of the Second Amended Complaint.

36. The allegations contained in paragraph "Cnt. I – 2" of the Second Amended Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

37. The allegations contained in paragraph "Cnt. I – 3" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

38. The allegations contained in paragraph "Cnt. I – 4" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

39. The allegations contained in paragraph "Cnt. I – 5" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

40. Armstrong denies the allegations contained in paragraph "Cnt. I – 6" of the Second Amended Complaint, and it denies that it is liable to Plaintiff or anyone else for any amount.

**As to "VII. COUNT II – STRICT LIABILITY – PRODUCT & EQUIPMENT DEFENDANTS"**

41. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth herein in response to the allegations contained in paragraph "Cnt. II – 1" of the Second Amended Complaint.

42. The allegations contained in paragraph "Cnt. II – 2" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

43. The allegations contained in paragraph "Cnt. II – 3" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

44. Armstrong denies the allegations contained in paragraph "Cnt. II – 4" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. II – 4" of the Second Amended Complaint to the extent said allegations relate to others.

45. Armstrong denies the allegations contained in paragraph "Cnt. II – 5" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. II – 5" of the Second Amended Complaint to the extent said allegations relate to others.

46. Armstrong denies the allegations contained in paragraph "Cnt. II – 6" of the Second Amended Complaint, including all of its subparts, insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. II – 6" of the Second Amended Complaint, including all of its subparts, to the extent said allegations relate to others.

47. Armstrong denies the allegations contained in paragraph "Cnt. II – 7" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. II – 7" of the Second Amended Complaint to the extent said allegations relate to others.

48. Armstrong denies the allegations contained in paragraph "Cnt. II – 8" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. II – 8" of the Second Amended Complaint to the extent said allegations relate to others.

49. The allegations contained in paragraph "Cnt. II – 9" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and

is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

50. Armstrong denies the allegations contained in paragraph "Cnt. II – 10" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. II – 10" of the Second Amended Complaint to the extent said allegations relate to others.

51. The allegations contained in paragraph "Cnt. II – 11" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

52. The allegations contained in paragraph "Cnt. II – 12" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

53. The allegations contained in paragraph "Cnt. II – 13" of the Second Amended Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

54. Armstrong denies the allegations contained in paragraph "Cnt. II – 14" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. II – 14" of the Second Amended Complaint to the extent said allegations relate to others.

55. The allegations contained in paragraph "Cnt. II – 15" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

56. Armstrong denies the allegations contained in paragraph "Cnt. II – 16" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. II – 16" of the Second Amended Complaint to the extent said allegations relate to others.

57. Armstrong denies the allegations contained in paragraph "Cnt. II – 17" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. II – 17" of the Second Amended Complaint to the extent said allegations relate to others.

58. The allegations contained in paragraph "Cnt. II – 18" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and

is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

59. The allegations contained in paragraph "Cnt. II – 19" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

60. The allegations contained in paragraph "Cnt. II – 20" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

61. Armstrong denies the allegations contained in paragraph "Cnt. II – 21" of the Second Amended Complaint insofar as the allegations are directed against Armstrong, and it denies that it is liable to Plaintiff or anyone else for any amount

**As to "VIII. COUNT III –**
**ADDITIONAL NEGLIGENCE OF PREMISES DEFENDANTS"**

62. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth herein in response to the allegations contained in paragraph "Cnt. III – 1" of the Second Amended Complaint.

63. The allegations contained in paragraph "Cnt. III – 2" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and

is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

64. The allegations contained in paragraph "Cnt. III – 3" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

65. Armstrong denies the allegations contained in paragraph "Cnt. III – 4" of the Second Amended Complaint insofar as the allegations are directed against Armstrong, and it denies that it is liable to Plaintiff or anyone else for any amount.

**As to "IX. COUNT IV – ADDITIONAL NEGLIGENCE OF CONTRACTOR DEFENDANTS"**

66. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth herein in response to the allegations contained in paragraph "Cnt. IV – 1" of the Second Amended Complaint.

67. The allegations contained in paragraph "Cnt. IV – 2" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

68. The allegations contained in paragraph "Cnt. IV – 3" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and

is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

69. The allegations contained in paragraph "Cnt. IV – 4" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

70. The allegations contained in paragraph "Cnt. IV – 5" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

71. Armstrong denies the allegations contained in paragraph "Cnt. IV – 6" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. IV – 6" of the Second Amended Complaint to the extent said allegations relate to others.

72. Armstrong denies the allegations contained in paragraph "Cnt. IV – 7" of the Second Amended Complaint insofar as the allegations are directed against Armstrong, and it denies that it is liable to Plaintiff or anyone else for any amount.

**As to "X. COUNT V – BREACH OF WARRANTY – PRODUCT & EQUIPMENT DEFENDANTS"**

73. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth

herein in response to the allegations contained in paragraph "Cnt. V – 1" of the Second Amended Complaint.

74. The allegations contained in paragraph "Cnt. V – 2" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

75. The allegations contained in paragraph "Cnt. V – 3" of the Second Amended Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

76. The allegations contained in paragraph "Cnt. V – 4" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

77. Armstrong denies the allegations contained in paragraph "Cnt. V – 5" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. V – 5" of the Second Amended Complaint to the extent said allegations relate to others.

78. The allegations contained in paragraph "Cnt. V – 6" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

79. Armstrong denies the allegations contained in paragraph "Cnt. V – 7" of the Second Amended Complaint insofar as the allegations are directed against Armstrong, and it denies that it is liable to Plaintiff or anyone else for any amount.

**As to "XI. COUNT VI- NEGLIGENT SUPPLY OF DANGEROUS CHATTEL – EMPLOYER & PREMISES DEFENDANTS"**

80. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth herein in response to the allegations contained in paragraph "Cnt. VI – 1" of the Second Amended Complaint.

81. Armstrong denies the allegations contained in paragraph "Cnt. VI – 2" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VI – 2" of the Second Amended Complaint to the extent said allegations relate to others.

82. Armstrong denies the allegations contained in paragraph "Cnt. VI – 3" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VI – 3" of the Second Amended Complaint to the extent said allegations relate to others.

83. Armstrong denies the allegations contained in paragraph "Cnt. VI – 4" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VI – 4" of the Second Amended Complaint to the extent said allegations relate to others.

84. Armstrong denies the allegations contained in paragraph "Cnt. VI – 5" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VI – 5" of the Second Amended Complaint to the extent said allegations relate to others.

85. The allegations contained in paragraph "Cnt. VI – 6" of the Second Amended Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

86. The allegations contained in paragraph "Cnt. VI – 7" of the Second Amended Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

87. The allegations contained in paragraph "Cnt. VI – 8" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and

is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

88. The allegations contained in paragraph "Cnt. VI – 9" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

89. The allegations contained in paragraph "Cnt. VI – 10" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

90. The allegations contained in paragraph "Cnt. VI – 11" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

91. Armstrong denies the allegations contained in paragraph "Cnt. VI – 12" of the Second Amended Complaint insofar as the allegations are directed against Armstrong, and it denies that it is liable to Plaintiff or anyone else for any amount.

**As to "XII. COUNT VII – FALSE REPRESENTATION/MISREPRESENTATION/FRAUD – ALL DEFENDANTS"**

92. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth

herein in response to the allegations contained in paragraph "Cnt. VII – 1" of the Second Amended Complaint.

93. Armstrong denies the allegations contained in paragraph "Cnt. VII – 2" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VII – 2" of the Second Amended Complaint to the extent said allegations relate to others.

94. Armstrong denies the allegations contained in paragraph "Cnt. VII – 3" of the Second Amended Complaint, including all of its subparts, insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VII – 3" of the Second Amended Complaint, including all of its subparts, to the extent said allegations relate to others.

95. Armstrong denies the allegations contained in paragraph "Cnt. VII – 4" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VII – 4" of the Second Amended Complaint to the extent said allegations relate to others.

96. The allegations contained in paragraph "Cnt. VII – 5" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

97. Armstrong denies the allegations contained in paragraph "Cnt. VII – 6" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VII – 6" of the Second Amended Complaint to the extent said allegations relate to others.

98. Armstrong denies the allegations contained in paragraph "Cnt. VII – 7" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VII – 7" of the Second Amended Complaint to the extent said allegations relate to others.

99. Armstrong denies the allegations contained in paragraph "Cnt. VII – 8" of the Second Amended Complaint insofar as the allegations are directed against Armstrong, and it denies that it is liable to Plaintiff or anyone else for any amount.

**As to "XIII. COUNT VIII – FAILURE TO WARN – ALL DEFENDANTS"**

100. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth herein in response to the allegations contained in paragraph "Cnt. VIII – 1" of the Second Amended Complaint.

101. Armstrong denies the allegations contained in paragraph "Cnt. VIII – 2" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VIII – 2" of the Second Amended Complaint to the extent said allegations relate to others.

102. The allegations contained in paragraph "Cnt. VIII – 3" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

103. Armstrong denies the allegations contained in paragraph "Cnt. VIII – 4" of the Second Amended Complaint, including all of its subparts, insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VIII – 4" of the Second Amended Complaint, including all of its subparts, to the extent said allegations relate to others.

104. The allegations contained in paragraph "Cnt. VIII – 5" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

105. Armstrong denies the allegations contained in paragraph "Cnt. VIII – 6" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VIII – 6" of the Second Amended Complaint to the extent said allegations relate to others.

106. Armstrong denies the allegations contained in paragraph "Cnt. VIII – 7" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph "Cnt. VIII – 7" of the Second Amended Complaint to the extent said allegations relate to others.

107. Armstrong denies the allegations contained in paragraph "Cnt. VIII – 8" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VIII – 8" of the Second Amended Complaint to the extent said allegations relate to others.

108. Armstrong denies the allegations contained in paragraph "Cnt. VIII – 9" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. VIII – 9" of the Second Amended Complaint to the extent said allegations relate to others.

109. Armstrong denies the allegations contained in paragraph "Cnt. VIII – 10" of the Second Amended Complaint insofar as the allegations are directed against Armstrong, and it denies that it is liable to Plaintiff or anyone else for any amount.

**As to "XIV. COUNT IX – FAILURE TO WARN – EQUIPMENT DEFENDANTS"**

110. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth herein in response to the allegations contained in paragraph "Cnt. IX – 1" of the Second Amended Complaint.

111. The allegations contained in paragraph "Cnt. IX – 2" of the Second Amended Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations

are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

112. Armstrong denies the allegations contained in paragraph "Cnt. IX – 3" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. IX – 3" of the Second Amended Complaint to the extent said allegations relate to others.

113. Armstrong denies the allegations contained in paragraph "Cnt. IX – 4" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. IX – 4" of the Second Amended Complaint to the extent said allegations relate to others.

114. Armstrong denies the allegations contained in paragraph "Cnt. IX – 5" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. IX – 5" of the Second Amended Complaint to the extent said allegations relate to others.

115. Armstrong denies the allegations contained in paragraph "Cnt. IX – 6" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. IX – 6" of the Second Amended Complaint to the extent said allegations relate to others.

116. The allegations contained in paragraph "Cnt. IX – 7" of the Second Amended Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

117. The allegations contained in paragraph "Cnt. IX – 8" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

118. Armstrong denies the allegations contained in paragraph "Cnt. IX – 9" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. IX – 9" of the Second Amended Complaint to the extent said allegations relate to others.

119. Armstrong denies the allegations contained in paragraph "Cnt. IX – 10" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. IX – 10" of the Second Amended Complaint to the extent said allegations relate to others.

120. Armstrong denies the allegations contained in paragraph "Cnt. IX – 11" of the Second Amended Complaint insofar as the allegations are directed against Armstrong, and it denies that it is liable to Plaintiff or anyone else for any amount.

**As to "XV. COUNT X – CONSPIRACY – ALL DEFENDANTS"**

121. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth herein in response to the allegations contained in paragraph "Cnt. X – 1" of the Second Amended Complaint.

122. Armstrong denies the allegations contained in paragraph "Cnt. X – 2" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. X – 2" of the Second Amended Complaint to the extent said allegations relate to others.

123. The allegations contained in paragraph "Cnt. X – 3" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them.

124. The allegations contained in paragraph "Cnt. X – 4" of the Second Amended Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them.

125. The allegations contained in paragraph "Cnt. X – 5" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them.

126. Armstrong denies the allegations contained in paragraph "Cnt. X – 6" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph "Cnt. X – 6" of the Second Amended Complaint to the extent said allegations relate to others.

127. Armstrong denies the allegations contained in paragraph "Cnt. X – 7" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. X – 7" of the Second Amended Complaint to the extent said allegations relate to others.

128. The allegations contained in paragraph "Cnt. X – 8" of the Second Amended Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

129. The allegations contained in paragraph "Cnt. X – 9" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

130. The allegations contained in paragraph "Cnt. X – 10" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

131. Armstrong denies the allegations contained in paragraph "Cnt. X – 11" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. X – 11" of the Second Amended Complaint to the extent said allegations relate to others.

132. Armstrong denies the allegations contained in paragraph "Cnt. X – 12" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. X – 12" of the Second Amended Complaint to the extent said allegations relate to others.

133. The allegations contained in paragraph "Cnt. X – 13" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

**As to "XVI. COUNT XI – GROSS NEGLIGENCE: WILLFUL, WANTON AND RECKLESS CONDUCT – ALL DEFENDANTS"**

134. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth herein in response to the allegations contained in paragraph "Cnt. XI – 1" of the Second Amended Complaint.

135. Armstrong denies the allegations contained in paragraph "Cnt. XI – 2" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph "Cnt. XI – 2" of the Second Amended Complaint to the extent said allegations relate to others.

136. Armstrong denies the allegations contained in paragraph "Cnt. XI – 3" of the Second Amended Complaint insofar as the allegations are directed against Armstrong. Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Cnt. XI – 3" of the Second Amended Complaint to the extent said allegations relate to others.

137. The allegations contained in paragraph "Cnt. XI – 4" of the Second Amended Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

138. The allegations contained in paragraph "Cnt. XI – 5" of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

139. The allegations contained in paragraph "Cnt. XI – 6" of the Second Amended Complaint are conclusions of law and prayers for relief, for which no response is required; to the extent that they are deemed allegations of fact, Armstrong denies them, and it denies that it is liable to Plaintiff or anyone else for any amount.

140. The allegations contained in paragraph "Cnt. XI – 7" of the Second Amended Complaint are conclusions of law and prayers for relief, for which no response is required; to the

extent that they are deemed allegations of fact, Armstrong denies them, and it denies that it is liable to Plaintiff or anyone else for any amount.

141. Armstrong denies the allegations contained in paragraph "Cnt. XI – 8" of the Second Amended Complaint insofar as the allegations are directed against Armstrong, and it denies that it is liable to Plaintiff or anyone else for any amount.

**As to "XVII. DAMAGES"**

142. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth herein in response to the allegations contained in the second paragraph 31 of the Second Amended Complaint.

143. The allegations contained in the second paragraph 32 of the Second Amended Complaint are conclusions of law and prayers for relief, for which no response is required; to the extent that they are deemed allegations of fact, Armstrong denies them, and it denies that it is liable to Plaintiff or anyone else for any amount.

144. The allegations contained in paragraph 33 of the Second Amended Complaint, including all of its subparts, are conclusions of law and prayers for relief, for which no response is required; to the extent that they are deemed allegations of fact, Armstrong denies them, and it denies that it is liable to Plaintiff or anyone else for any amount.

145. The allegations contained in paragraph 34 of the Second Amended Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

146. The allegations contained in paragraph 35 of the Second Amended Complaint are conclusions of law and prayers for relief, for which no response is required; to the extent that they are deemed allegations of fact, Armstrong denies them, and it denies that it is liable to Plaintiff or anyone else for any amount.

**As to "XVIII. WRONGFUL DEATH & SURVIVAL DAMAGES"**

147. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth herein in response to the allegations contained in paragraph 36 of the Second Amended Complaint.

148. The allegations contained in paragraph 37 of the Second Amended Complaint, including all of its subparts, are conclusions of law and prayers for relief, for which no response is required; to the extent that they are deemed allegations of fact, Armstrong denies them, and it denies that it is liable to Plaintiff or anyone else for any amount.

**As to "XIX. DAMAGES FOR LOSS OF CONSORTIUM"**

149. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth herein in response to the allegations contained in paragraph 38 of the Second Amended Complaint.

150. The allegations contained in paragraph 39 of the Second Amended Complaint are conclusions of law and prayers for relief, for which no response is required; to the extent that they are deemed allegations of fact, Armstrong denies them, and it denies that it is liable to Plaintiff or anyone else for any amount.

**As to "XX. PUNITIVE DAMAGES"**

151. Armstrong reasserts and incorporates by reference its responses to the preceding paragraphs in all Counts of the Second Amended Complaint, inclusive, as though fully set forth herein in response to the allegations contained in paragraph 40 of the Second Amended Complaint.

152. The allegations contained in paragraph 41 of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

153. The allegations contained in paragraph 42 of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

154. The allegations contained in paragraph 43 of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

155. The allegations contained in paragraph 44 of the Second Amended Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them insofar as the allegations are directed at Armstrong, and is without

knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

156. The allegations contained in paragraph 45 of the Second Amended Complaint are conclusions of law and prayers for relief, for which no response is required; to the extent that they are deemed allegations of fact, Armstrong denies them, and it denies that it is liable to Plaintiff or anyone else for any amount.

157. The allegations contained in the unnumbered "WHEREFORE" paragraph following paragraph 45 of the Second Amended Complaint are conclusions of law and prayers for relief, for which no response is required; to the extent that they are deemed allegations of fact, Armstrong denies them, and it denies that it is liable to Plaintiff or anyone else for any amount.

158. The allegations contained in the unnumbered paragraph preceding the signature line of the Second Amended Complaint are Plaintiff's demand for trial by jury, for which no response is required; to the extent they are deemed allegations of fact, Armstrong denies them and denies that it is liable to the Plaintiff or anyone else for any amount.

159. All allegations not specifically admitted above are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

160. This Court lacks subject matter jurisdiction over this controversy.

### SECOND DEFENSE

161. The Original Complaint and Amended Complaint(s) fail to state a claim against Defendant Armstrong upon which relief can be granted.

**THIRD DEFENSE**

162. The Original Complaint and Amended Complaint(s) is barred by the appropriate statute of limitations.

**FOURTH DEFENSE**

163. Plaintiff's and/or Plaintiff's Decedent's negligence equals or exceeds any negligence of any Defendant, and Plaintiff's and/or Plaintiff's Decedent's claims therefore are barred by the doctrine of comparative negligence.

**FIFTH DEFENSE**

164. Plaintiff and/or Plaintiff's Decedent are guilty of contributory negligence and such negligence is a bar to recovery by Plaintiff in this action.

**SIXTH DEFENSE**

165. The Plaintiff's and/or Plaintiff's Decedent's claims are barred by the operation of the doctrine of laches.

**SEVENTH DEFENSE**

166. The Plaintiff's and/or Plaintiff's Decedent's claims are barred by the operation of the doctrine of estoppel.

**EIGHTH DEFENSE**

167. The Plaintiff's and/or Plaintiff's Decedent's claims are barred by the operation of the doctrine of waiver.

**NINTH DEFENSE**

168. Plaintiff and/or Plaintiff's Decedent should have taken action to minimize or eliminate Plaintiff's and/or Plaintiff's Decedent's injuries and Plaintiff are precluded from

recovering damages, or their damages should be reduced by operation of the doctrine of avoidable consequences and mitigation of damages.

**TENTH DEFENSE**

169. Whatever damages were incurred by Plaintiff and/or Plaintiff's Decedent were incurred as the result of intervening and/or superseding acts or omissions by parties over whom Armstrong had no control and for whose acts or omissions Armstrong was not legally responsible.

**ELEVENTH DEFENSE**

170. Plaintiff and/or Plaintiff's Decedent knew or reasonably should have known of the substances which were used in the activities conducted at the places where Plaintiff and/or Plaintiff's Decedent worked and knew or reasonably should have known of the possible risks of personal injury from exposure to such substances, and by Plaintiff and/or Plaintiff's Decedent voluntary undertaking to live, work, and/or continue to work with such substances at said places, Plaintiff and/or Plaintiff's Decedent elected to accept such possible risks of personal injury and these elections are a bar to recovery by Plaintiff and/or Plaintiff's Decedent in this action.

**TWELFTH DEFENSE**

171. The accident and/or any injuries sustained by Plaintiff and/or Plaintiff's Decedent were caused or contributed to by the contributory negligence or fault or comparative negligence or fault on the part of Plaintiff and/or Plaintiff's Decedent.

**THIRTEENTH DEFENSE**

172. Armstrong would show that it never manufactured, sold, or distributed an asbestos-containing product.

**FOURTEENTH DEFENSE**

173. Armstrong would show that any alleged exposure of Plaintiff to an alleged asbestos-containing Armstrong product was *de minimis* and insufficient to establish to a reasonable degree of probability that it caused any alleged injury.

**FIFTEENTH DEFENSE**

174. Armstrong would show that there should be no recovery against it because the superseding and intervening negligence of third parties caused Plaintiff's alleged injuries, and this conduct, either by omission or commission, interrupted the natural and proximate causal relationship between any alleged act or omission of Armstrong, and Plaintiff's alleged resulting injuries and damages.

**SIXTEENTH DEFENSE**

175. Armstrong would show that there should be no recovery against it because Plaintiff failed to mitigate any alleged damages.

**SEVENTEENTH DEFENSE**

176. Armstrong would show that, at all relevant times, it complied with industry, Federal, and state standards and regulations governing the manufacture, sale, marketing, and distribution of its products.

**EIGHTEENTH DEFENSE**

177. Armstrong would show that any absence of a warning did not lead Plaintiff to rely on the safety of any product at issue.

**NINETEENTH DEFENSE**

178. Armstrong would show that Plaintiff's recovery for intentional injury is barred because there was no intentional injury caused by Armstrong.

**TWENTIETH DEFENSE**

179. Armstrong would show that other named Defendants caused any alleged injuries or damages sustained by Plaintiff, and Armstrong held no right of control over these Defendants.

**TWENTY-FIRST DEFENSE**

180. Armstrong would show that any alleged injuries were either preexisting or not the result of contact with any alleged Armstrong products, if any. Armstrong would further show that any alleged injuries were not the result of any act, event, or omission of Armstrong alleged by Plaintiff.

**TWENTY-SECOND DEFENSE**

181. Armstrong would show that there was no conspiracy or aiding and abetting between it and any other named Defendant.

**TWENTY-THIRD DEFENSE**

182. Plaintiff cannot meet his burden of showing a defect in Armstrong's product or causation of any alleged injury to Plaintiff by any alleged defect; and therefore his strict liability, negligence, gross negligence, and negligence *per se* claims fail as a matter of law. When a claimant seeks recovery on a negligence theory based on a defective product, "the burden is on the plaintiff to prove that the injury resulted from a defect in the product." *Toshiba International Corp. v. Henry,* 2004 Tex. App. LEXIS 11058, *24 (Tex. App.—Texarkana 2004); *citing Simms v. Southwest Tex. Methodist Hasp.,* 535 S.W. 2d 192, 197 (Tex. Civ. App.— San Antonio 1976, writ refd n.r.e.); *see also Hyundai Motor Co. v. Rodriguez,* 995 S.W. 2d 661, 665 (Tex. 1999); *Otis Spunkmeyer, Inc. v. Blakely,* 30 S.W. 3d 678, 690 (Tex. App.—Dallas, 2000, no pet.).

**TWENTY-FOURTH DEFENSE**

183. Armstrong denies that Plaintiff sustained any injuries or damages as a result of contact with or the use of any product manufactured, supplied, sold, or distributed by Armstrong. Armstrong pleads that the products it sold were at all times reasonably fit and suitable for the purposes for which they were sold, and denies that these products were in any way defective for their intended and foreseeable use. Thus, Plaintiff's alleged injuries did not result from a defect in any product manufactured, supplied, or sold by Armstrong.

**TWENTY-FIFTH DEFENSE**

184. Armstrong would show that any alleged defects in its products were beyond both the scientific and medical knowledge available at the time of manufacturing. Armstrong would also show that the then existing state-of-the-art prevented Armstrong from knowing of alleged defects, if any, in its products.

**TWENTY-SIXTH DEFENSE**

185. Armstrong would show that the acts or omission of other entities, including bankrupt entities or Plaintiff's prior and past employers and co-workers were the sole cause of any injury or damage alleged by Plaintiff, if any.

**TWENTY-SEVENTH DEFENSE**

186. Armstrong would show that it breached no duty because Plaintiff knew about any alleged risks associated with the products' use and hereby asserts the sophisticated user defense.

**TWENTY-EIGHTH DEFENSE**

187. Armstrong reserves the right to assert cross claims against all party Defendants, parties who have settled with Pl

188. Plaintiff but were not joined as Defendants, and all other parties hereafter joined as Defendants to this action.

**TWENTY-NINTH DEFENSE**

189. Plaintiff's Original Complaint and Amended Complaint(s), to the extent that it seeks exemplary or punitive damages, violates Armstrong's right to substantive and procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution, and any applicable State Constitution, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

**THIRTIETH DEFENSE**

190. Plaintiff's Original Complaint and Amended Complaint(s), to the extent that it seeks exemplary or punitive damages, violates Armstrong's right to protection from "excessive fines" as provided in Article 1, Section 13 of the Texas Constitution, and violates Armstrong's rights to substantive and procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and any applicable State Constitution, and therefore fails to state a cause of action supporting the exemplary or punitive damages claimed.

**THIRTY-FIRST DEFENSE**

191. Armstrong's actions were within its rights under the Second Amendment of the United States Constitution, and under any other applicable State Constitution, and are fully protected thereby.

**THIRTY-SECOND DEFENSE**

192. Plaintiff's Original Complaint and Amended Complaint(s), insofar as it seeks an award of punitive or exemplary damages, fails to allege facts sufficient to constitute a cause of action against Armstrong for such damages.

**THIRTY-THIRD DEFENSE**

193. Plaintiff's Original Complaint and Amended Complaint(s), to the extent that it seeks an award of exemplary or punitive damages, violates Armstrong's right to equal protection and is otherwise unconstitutional under the United States Constitution and any applicable State Constitution.

**THIRTY-FOURTH DEFENSE**

194. Upon a showing of some care, or a showing of a certain level of care, gross negligence and intentional wrongdoing are negated, and no exemplary or punitive damages can be awarded under the United States Constitution, the Texas Constitution, any other applicable state constitution, Texas law, and any other applicable state law.

**THIRTY-FIFTH DEFENSE**

195. Any award of exemplary or punitive damages pursuant to the formula contained in Section 41.007 of the Texas Civil Practice and Remedies Code would violate Armstrong's rights to: (a) substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article 1, Sections 14, 16, and 19 of the Texas Constitution; and (b) equal protection of the laws under the Fourteenth Amendment to the United States Constitution and under Article 1, Section 3 of the Texas Constitution. Such an award would also violate any other applicable state constitution.

**THIRTY-SIXTH DEFENSE**

196. The standards for determining liability under the conspiracy causes of action and the other causes of action asserted in this suit are impermissibly vague and do not provide meaningful guidelines for the imposition of liability. Both generally and as applied to Armstrong under the facts of this case, those standards, particularly when combined with the effects of joint

and several liability, violate Armstrong's rights to: (a) substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article 1, Sections 14, 16, and 19 of the Texas Constitution; and (b) equal protection of the laws under the Fourteenth Amendment to the United States Constitution and under Article 1, Section 3 of the Texas Constitution. The standards are also otherwise unconstitutional under the United States Constitution, the Texas Constitution, and any other state's law which may be applicable.

**THIRTY-SEVENTH DEFENSE**

197. There can be no claim against Armstrong based upon breach of implied warranty, strict products liability, or conspiracy to violate any standard under implied warranty or strict products liability because, at the time of the conduct alleged in the Original Complaint and Amended Complaint(s), no cause of action existed under the applicable state law based upon implied warranty or strict products liability. The application of these theories retroactively would violate Article I, Section 9[3] of the United States Constitution; the provisions of any applicable state constitution; and, if Texas law applies, Article 1, Section 16 of the Texas Constitution, and any other state's law which may be applicable.

**THIRTY-EIGHTH DEFENSE**

198. Armstrong requests that the Plaintiff's and/or Plaintiff's Decedent's recovery against it, if any, be reduced by an amount equal to all sums paid to the Plaintiff and/or Plaintiff's Decedent by other Defendants, persons, or entities, and/or that Plaintiff's and/or Plaintiff's Decedent's recovery be reduced by the percentage of causation or fault attributable to other Defendants, persons, and/or entities, or that Plaintiff's and/or Plaintiff's Decedent's recovery be reduced by other applicable formula as allowed by law.

**THIRTY-NINTH DEFENSE**

199. Any award of prejudgment interest for damages which have not yet accrued would violate Armstrong's rights to: (a) substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article 1, Sections 14, 16, and 19 of the Texas Constitution; and (b) equal protection of the laws under the Fourteenth Amendment to the United States Constitution and under Article 1, Section 3 of the Texas Constitution. Such an award would also violate any other applicable State Constitution.

**FORTIETH DEFENSE**

200. In the alternative, Armstrong asserts that any award of punitive damages should be limited in accordance with Chapter 41 of the Texas Civil Practice & Remedies Code.

**FORTY-FIRST DEFENSE**

201. The injuries and damages of the Plaintiff and/or Plaintiff's Decedent, if any, were caused by an unavoidable accident.

**FORTY-SECOND DEFENSE**

202. Any award of punitive damages without proof of every element beyond a reasonable doubt or, in the alternative, by a standard of clear and convincing evidence, would violate Armstrong's rights under the Fourth Amendment, the Fifth Amendment, the Sixth Amendment, and the Fourteenth Amendment to the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

**FORTY-THIRD DEFENSE**

203. Armstrong states that multiple awards of punitive damages against it would violate the prohibition against being twice placed in jeopardy for the same offense embodied in the Fifth

and Fourteenth Amendments to the United States Constitution and similar provisions of any other state's law which may be applicable.

**FORTY-FOURTH DEFENSE**

204. Any recovery by Plaintiff and/or Plaintiff's Decedent from Armstrong under the theory of joint and several liability without contribution among joint tortfeasors or any similar doctrine would violate Armstrong's constitutional rights, including but not limited to, the following provisions: the Eighth Amendment to the Constitution of the United States, the Fourteenth Amendment to the Constitution of the United States, the Fifth Amendment to the Constitution of the United States, and any other state's law which may be applicable.

**FORTY-FIFTH DEFENSE**

205. Armstrong states that it cannot be held liable as a matter of law for injuries or damage allegedly sustained as a result of exposure to products containing asbestos allegedly used by the Plaintiff and/or Plaintiff's Decedent to the extent such exposure was to products containing asbestos manufactured and distributed by other Defendants pursuant to and in strict conformity with specific regulations and specifications set forth by the United States Government. Armstrong avers further that at all times relevant to the allegations contained in the Original Complaint and Amended Complaint(s), the products allegedly containing asbestos substantially conformed to those specifications set forth and approved by the United States Government, and the United States Government had actual knowledge of the hazards, if any, associated with the prolonged exposure to asbestos.

**FORTY-SIXTH DEFENSE**

206. Armstrong states that the Plaintiff and/or Plaintiff's Decedent and Plaintiff's Decedent's employers were sophisticated users of products containing asbestos, had full knowledge of the dangers and risks associated with using or working around asbestos.

**FORTY-SEVENTH DEFENSE**

207. Armstrong states that it is entitled to a setoff or credit for any amounts received by Plaintiff and/or Plaintiff's Decedent or to be received by Plaintiff and/or Plaintiff's Decedent from any other source whatsoever with respect to any recovery of Plaintiff and/or Plaintiff's Decedent arising out of any claims and/or allegations asserted herein against any other person or party. Such would include but not be limited to any settlement and/or compromise and/or any damages paid as a result of bankruptcy and/or other litigation.

**FORTY-EIGHTH DEFENSE**

208. At all times relevant hereto, the knowledge of Plaintiff and/or Plaintiff's Decedent's employers was superior to that of Armstrong with respect to possible health hazards associated with Plaintiff and/or Plaintiff's Decedent's employment, and, therefore, if there was any duty to warn Plaintiff and/or Plaintiff's Decedent or provide protection to him it was the duty of said employers, not of Armstrong, and breach of that duty was an intervening and/or superseding cause of the injuries alleged by Plaintiff and/or Plaintiff's Decedent.

**FORTY-NINTH DEFENSE**

209. In the event that it be shown that Plaintiff and/or Plaintiff's Decedent used any product or material, as alleged in the Original Complaint and Amended Complaint(s), which gave rise to the injuries as set forth therein, the same was misused, abused, modified, altered, or subjected to abnormal use.

**FIFTIETH DEFENSE**

210. Plaintiff's and/or Plaintiff's Decedent's alleged injuries and damages, if any, were proximately caused by or contributed to by exposure or inhalation of noxious and deleterious fumes and residues from industrial products or by-products prevalent on his job sites, by the cumulative effects of exposure to all types of environmental and industrial pollutants of air and water, or by substances, products, or other causes not attributable to or connected with Armstrong.

**FIFTY-FIRST DEFENSE**

211. If all or most of the witnesses to the alleged asbestos exposure of Plaintiff and/or Plaintiff's Decedent reside outside of Texas, travel to and from this forum by witnesses and counsel for necessary discovery and trial would place an undue burden upon Defendants. Furthermore, this Court may be required under principles of conflict of laws to apply foreign law, with which this Court and Texas counsel are unfamiliar. Therefore, the Complaint and Amended Complaint should be dismissed under the doctrine of *forum non conveniens*.

**FIFTY-SECOND DEFENSE**

212. The Plaintiff's and/or Plaintiff's Decedent's claims should be denied to the extent they are barred by the operation of the doctrine of accord and satisfaction.

**FIFTY-THIRD DEFENSE**

213. The Plaintiff's and/or Plaintiff's Decedent's claims should be denied to the extent they are barred by the operation of the doctrine of release and settlement.

**FIFTY-FOURTH DEFENSE**

214. The Plaintiff's and/or Plaintiff's Decedent's claims should be denied to the extent they are barred by the operation of the doctrine of payment.

**CROSS ACTION**

215. While continuing to deny any and all liability to the Plaintiff and/or Plaintiff's Decedent, and without waiving any of its defenses, in the unlikely event that Armstrong should, in any respect, be held liable, Armstrong asserts its rights against all the defendants or third-party Defendants now or hereafter joined in this cause. If Armstrong is in any respect found liable to the Plaintiff and/or Plaintiff's Decedent, it is entitled to judgment over and against the above Cross-Defendants, jointly and severally, for indemnity and/or contribution, pursuant to the common law and statutes of this state, including the laws of negligence, products liability and breach of warranty, both express and implied.

**ANSWER TO CROSS ACTIONS**

216. Armstrong generally denies the allegations in any cross actions against it, and incorporates by reference all defenses set out above.

217. Pleading further in the alternative, Armstrong requests that Plaintiff's and/or Plaintiff's Decedent's recovery against this Defendant, if any, be reduced by an amount equal to all sums paid to Plaintiff and/or Plaintiff's Decedent by other Defendants, persons or concerns, and/or that Plaintiff's and/or Plaintiff's Decedent's recovery be reduced by the percentage of causation or fault attributable to Co-Defendants and/or other persons and concerns.

WHEREFORE, Armstrong demands that:

(a) the Complaint be dismissed with prejudice as to Armstrong;

(b) Plaintiff's demand for relief be denied in every respect;

(c) Armstrong be awarded costs in connection with this litigation, including reasonable attorneys' fee;

(d) the Court grant such other and further relief as may be just, proper, and equitable; and

(e) Armstrong defers to the Plaintiff's jury demand.

Dated: October 28, 2025

**THOMPSON COBURN LLP**

By: /s/ *Laura Ellis Kugler*
Laura E. Kugler (06571020)
lelliskugler@thompsoncoburn.com
Christina C. Koehl (24090481)
ckoehl@thompsoncoburn.com

2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
(Tel): (972) 629-7100
(Fax): (972) 629-7171

*Attorneys for Armstrong International, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record on October 28, 2025.

/s/ *Laura Ellis Kugler*
Laura E. Kugler